BOLTON *v.* HINES.

Opinion delivered May 3, 1920.

1. RAILROADS—FEDERAL CONTROL.—Under the acts of Congress commonly called the Federal Control Acts, possession, control and management of railroads was completely and exclusively vested in the Director General.

2. RAILROADS—FEDERAL CONTROL.—Under the Federal Control Acts (acts of August 29, 1916, and March 21, 1918), the government was not made liable for a claim against a railroad accruing prior to the time the Director General took possession; the railroad company being liable on causes of action accruing prior to that time.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; affirmed.

STATEMENT OF FACTS.

On the 20th day of June, 1919, Clifton Bolton, by Robert Bolton, his father and next friend, sued Walker D. Hines, Director General, Missouri Pacific Railroad Company, successor of B. F. Bush, Receiver St. Louis, Iron Mountain & Southern Railroad Company, for damages for personal injuries received by him.

He alleges that he was injured on the 6th day of July, 1916, while in the employment of the defendant and that at the time he was injured he was returning from work and that his injury was caused by the negligence of the defendant's brakeman in shoving him off of one of the defendant's trains while it was running at a high rate of speed.

A demurrer was sustained to the complaint and the plaintiff filed an amended complaint in which Walker D. Hines, Director General of Railroads, was made a defendant.

The court sustained a demurrer to the plaintiff's amended complaint. The plaintiff elected not to plead further. Thereupon the court dismissed his amended complaint, and from the judgment rendered the plaintiff has appealed.

*Oscar H. Winn,* for appellant.

1. The complaint states a meritorious cause of action. The suit was filed in due season and time on the relations arising either *ex delicto* or *ex contractu.* There is no legal ground for this demurrer whatever. 125 Ark. 77-85; 87 *Id.* 70. The statute of limitations does not apply.

2. The law of the case is stated in 23 R. C. L., par. 55. A corporation is liable after the discharge of the receiver and the restoration of the property to the owner or purchaser of same. *Ib.* A meritorious cause of action was stated and the demurrer should be overruled and the cause heard on the pleadings and evidence before a jury. 164 U. S. 636; 29 Am. St. 675; 31 *Id.* 374; 18 L. R. A. 60; 23 R. C. L., par. 123.

*Troy Pace* and *Ponder & Gibson,* for appellees.

1. There was no proper service on the railroad company or the Director General, Hines.

2. The cases cited by appellant fail to sustain his contention. The property was *sold* and *purchased* and not *turned back* to the same company. 18 Am. St. 60; 69 *Id.* 206; 22 *Id.* 56. This case is governed by 134 Ark. 366; 74 *Id.* 368; 1 Elliott on Railroads, § 526; 33 Cyc. 338; 136 Ark. 193. Hines as Director General was not the successor of Bush, Receiver. 134 Ark. 366. The demurrer was properly sustained. Cases *supra.*

HART, J. (after stating the facts). Under the Acts of Congress, commonly called the Federal Control Acts, possession, control, and management of the railroad company's line of road was completely and exclusively vested in the director general. *Northern Pac. Ry. Co.* v. *North Dakota,* 250 U. S. 135.

According to the allegations of the complaint the plaintiff sustained his injuries on the 6th day of July, 1916. This was before the passage of the Act of Congress of August 29, 1916, giving the President the right in time of war to take possession and control of transportation systems. Subsequently, the act of March 21,

1918, was passed. It provided for the operation of transportation systems under Federal Control and provided for the Government taking complete possession and control of the railroads for the purpose of operating them. The act, however, did not render the Government liable for injuries received prior to the time that the director general of railroads took possession of them. Chap. 25, U. S. Comp. Stat. of 1918. Nowhere in either of the acts is the Government made liable for a claim against the railroad which accrued prior to the time that the director general of railroads took possession of them. Hence, the plaintiff's cause of action having accrued before the director general of railroads took possession of them under the authority conferred upon him by the acts of Congress above referred to, the court properly sustained a demurrer to the amended complaint. The plaintiff could have pursued his cause of action against the railroad company. *Mo. Pac. Rd. Co.* v. *Ault,* 140 Ark. 572.

In *McGregor* v. *Great Northern Ry. Co.* (N. Dak.), 4 A. L. R. 1635, the court held (quoting from first syllabus): "General Order No. 50, promulgated by the director general of railroads, which requires that suits upon causes of action arising subsequent to December 31, 1917, shall be brought against the director general of railroads, and not otherwise, and which authorizes the substitution of the director general for the carrier company as party defendant and the dismissal of the action as to the company, is not warranted by the Railroad Control Act of March 21, 1918, in so far as it purports to be applicable to causes of action already vested."

The act of Congress of March 21, 1918, providing for the operation of transportation systems while under Federal control provides that actions at law may be brought against carriers, and judgment rendered, "as now provided by law." Act of March 21, 1918, chap. 25, sec. 10, 40 Stat. at Large, p. 446.

This clearly shows that the act of Congress never contemplated that the Government would be liable for causes of action which had become vested before the director general took charge of the railroads. On the contrary, the language of the act clearly indicates that such suits may be brought and prosecuted against the railroad company as was done before the passage of the Federal Control Act.

It follows that the judgment must be affirmed.