### Lake v. Anderson.

Opinion delivered January 23, 1928.

1. APPEAL AND ERROR—NECESSITY OF PLEA OF RES JUDICATA.—The question whether the dismissal of a prior appeal rendered the matters in dispute *res judicata* cannot be considered by the Supreme Court where there was no plea of *res judicata*.

2. PLEADING—ADMISSION BY DEMURRER.—A demurrer to a complaint admits the truth of its allegations.

3. PLEADING—INDEFINITENESS.—Objections that the allegations of a complaint were indefinite, or that they stated a cause of action defectively, should be made by motion to make the complaint more definite and certain, rather than by a demurrer.

4. MORTGAGES—RIGHT TO REDEEM.—A complaint for the redemption of land on a mortgage foreclosure sale, alleging that an offer was made to redeem and to pay the amount due within the time allowed by law, that the offer was accompanied by a check for the amount for which the property sold, to which no objection was made, that the check was withdrawn by agreement, and that defendants surreptitiously procured a sale and a deed in disregard of the pending petition to redeem and agreement of the parties, *held* sufficient to state a cause of action.

Appeal from Sebastian Chancery Court, Greenwood District; *J. V. Bourland,* Chancellor; reversed.

*Evans & Evans,* for appellant.

*Webb Covington,* for appellee.

KIRBY, J. Appellants brought this suit to set aside or vacate a decree or order of sale and to be permitted to redeem the lands from the sale. A general demurrer to the complaint was interposed, with five other grounds of special demurrer or specifications, showing the particular allegations of the complaint that rendered it insufficient; and the sixth specification is as follows:

· "6. That said petition shows that defendants did not comply with the law in the matter of their alleged attempt to redeem said property, in that it shows that they deposited only $500 with the clerk of the court, and this sum was deposited more than one year from the date of sale of said property, and that it was withdrawn."

The complaint is voluminous, with its exhibits of other pleadings in other proceedings and suits between the parties, but it alleges that the offer to redeem was made within the time allowed by law, and to pay any amount that might be found to be due under the mortgage, as well as the amount for which the property sold; that it was accompanied by a check for $500, the amount for which the property sold under the mortgage, and

that no objection was made to the check, it being afterwards withdrawn under an agreement of all the parties at interest that the rents of the property should be applied first in payment of an indebtedness of the mortgagors to the Huntington State Bank, which was secured by a prior lien or mortgage to the one sought to be foreclosed in this suit and recognized in the decree of foreclosure; and the further agreement between all parties at interest that the net proceeds of the mine of L. E. Lake should be applied in the reduction of the amounts covered by the decree of foreclosure, except an amount specified, due to Ted Kirkland, which had never been recognized as valid by defendants in the foreclosure suit, etc. It was further alleged that the appellees had surreptitiously procured a sale of the property and deed thereto, in disregard of the pending petitions for redemption and the agreement about the disposition of the rents in payment of the mortgage indebtedness, and that they were about to take possession of the foreclosed mortgaged property, notwithstanding such agreement and right of redemption by appellants, and would do so unless enjoined, etc.

A temporary injunction was granted, which the court refused to make perpetual, and the demurrer sustained, and, the petitioners declining to plead further, the complaint was dismissed for want of equity, from which decree this appeal is prosecuted.

Appellees insist in their brief that every question presented by this record except one—the alleged offer to redeem—was involved in a former appeal of this case, No. 9150, and filed in the Supreme Court April 20, 1925, and dismissed for failure to comply with Rule 9, and included a copy of the order of dismissal in their brief. This court, however, can take no notice of the questions involved on that appeal, since there was no plea of *res judicata* to the petition to redeem herein, even if they were entitled to rely upon any such plea. *Bolton* v. *Mo. Pac. Ry. Co.*, 148 Ark. 319, 229 S. W. 1025.

The truth of the allegations of the complaint are admitted by the demurrer, and, if such allegations were regarded as indefinite or as stating a cause of action defectively only, the objection should have been made by a motion to make more definite and certain, rather than by demurrer.

The court erred in sustaining the demurrer to the petitions to redeem, and the decree is reversed, and the cause remanded with directions to overrule the demurrer and for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.