## FRY, COLLECTOR, v. CHICOT COUNTY.

1. PRACTICE IN SUPREME COURT:
    This Court will not refer for the facts of a case to the record in another case. The facts must be shown by the bill of exceptions.

2. COUNTIES: *Attorney's fees.*
    A county collector has no claim upon his county for fees paid by him to an attorney for resisting objections to his bond.

APPEAL from *Chicot* Circuit Court,
Hon. T. F. SORRELLS, Circuit Judge.

*Mark Valentine*, for appellant:
On principle it is plain that the county should re-imburse

appellant the reasonable charges of defending the manda-mus suit.

A *fortiori*, when the collector has filed a *good* bond, and the objections made to it, if successful, would delay the collection of taxes. Even if the objections are sustained, the county pays the attorney's fees of the objector—and not the collector. (*Acts of* 1874–5, *p.* 193, *sec.* 4). Citing also, as applicable, *Gantt's Digest, sec.* 5288.

The course pursued to obtain the credit was proper. *Gantt's Digest, sec.* 5268. He is only required to pay balance on settlement.

ENGLISH, C. J. It seems that at the April term, 1878, of the County Court of Chicot county, there was found to be due to the county, from R. M. Fry, as collector, $1390.

On a subsequent day of the same term, he applied to the Court to allow him a credit for $510.50, paid by him out of the county revenue, as follows:

To Dan W. Jones, Esq'r., for legal services in de-
     fending against objections made to his bond
     as collector, in the Chicot Circuit Court, at its
     January term, 1878........................ $200 00

To Mark Valentine, Esq'r , for services in the
     same matter............................. 200 00

To costs paid in mandamus suit................. 10 50

To Mark Valentine, for legal services in defend-
     ing in the suit of D. H. Reynolds against said
     Fry as collector, mandamus from the Chicot
     Circuit Court........................... 100 00

                                        $510 50

The County Court refused to allow the credit claimed, and Fry appealed to the Circuit Court, where the case was

tried anew, on the following agreed facts, as set out in a bill of exceptions :—

"Fry was appointed, in January, 1877, collector of taxes for Chicot county. At the July term, 1877, of the Chicot Circuit Court, a suit by mandamus was brought against him by D. H. Reynolds ; and Mark Valentine, Esq., defended said suit for said collector in said court, and afterwards in the Supreme Court ; and the collector paid him $100.00 for his services therein, and that the compensation was reasonable. That at the January term, 1878, of the Circuit Court of Chicot county, J. E. Joslyn filed objections to the approval of the bond of said collector by said court ; and Dan. W. Jones and Mark Valentine, Esq'rs., as attorneys for said Fry, defended against said objections, and he paid each of them $200.00 for his services, and the compensation was reasonable. That said objections were overruled, and the bond of Fry approved by the court. That he paid the clerk of the court $10.50 costs in the mandamus suit."

Upon these facts the court refused to allow the credit for the $510.50, as claimed by Fry, and overruled a motion for a new trial, and Fry appealed. No declarations of law were asked, and none were made by the court.

I. The bill of exceptions fails to show that the county had any interest in the mandamus suit, or was under any obligations to pay appellant's counsel's fee, or costs in the case.

We have been referred by appellant's counsel here to *Fry* v. *Reynolds*, 33 *Ark.*, 451, for the facts in the mandamus case. We may look at that case for law, but not for the facts of the case now before us. They should have been shown by the bill of exceptions.

II. The Statute makes no provisions for the county to pay the collector's attorney's fees where objections are made to his bond. When the court finds that the objec-

tions to the bond are made through malice, or without probable cause, the costs, and an attorney's fee, not exceeding $50, may be taxed against the objectors. If the bond be held insufficient, the objectors are entitled to an attorney's fee to be taxed against the county not exceeding $50. *Act of 1st March, 1875, sec. 5 ; Act of 1875, p. 192.*

Appellant did not bring his case within the Statute.

It was unfortunate that appellant was put to expense about his bond, which turned out to be good, but there is no Statute under which he is entitled to indemnity from the county, on the facts stated in the bill of exceptions.

Affirmed.