TAYLOR *v.* ROBINSON.

Opinion delivered April 25, 1910.

1. EJECTMENT—EXHIBITS AS EVIDENCE.—Where the answer in an eject-
ment suit denied the execution of the deeds exhibited with the com-
plaint, and the bill of exceptions does not show that plaintiff introduced
any of the disputed deeds in evidence, a judgment against the plaintiff
must be affirmed, regardless of errors in the instructions or miscon-
duct of defendant's counsel in argument. (Page 562.)

2. APPEAL AND ERROR—BRINGING UP EVIDENCE.—Upon appeal from the
circuit court, the evidence must be brought up by bill of exceptions,
and cannot be brought up, after the bill of exceptions was filed, by
certificate of the judge and clerk. (Page 562.)

Appeal from Fulton Circuit Court; *John W. Meeks,* Judge;
affirmed.

*J. A. Watson* and *C. E. Elmore,* for appellant.

A tenant cannot dispute the title of his landlord. 43 Ark.
28; 53 Ark. 532; 64 Ark. 453; 45 Ark. 117. The defect, if
any, in the conveyancing was cured by the curative act of
March 13, 1899. Even if the deeds were invalid, she could not
now succeed. 62 Ark. 326; 75 Ark. 139; 77 Ark. 57; 112 S. W.
892. A married woman is estopped by the certificate of her
acknowledgment to her deed as against a vendee for a valuable
consideration. 38 Ark. 377; 37 Ark. 145; 41 Ark. 421; 45
Ark. 117.

*J. L. Short* and *David L. King,* for appellee.

The contract between Robinson and wife was valid. 46
Ark. 542. A purchaser is charged with notice of whatever title,
rights or equities an occupant may have. 76 Ark. 25; 47
Ark. 533; 54 Ark. 499.

McCULLOCH, C. J. This is an action instituted by plaintiff,
W. A. Taylor, in December, 1908, against defendant Martha
J. Robinson to recover possession of a tract of land. A trial
before a jury resulted in a verdict in favor of the defendant,
and the plaintiff appealed.

The land in controversy was originally owned by defend-
ant's husband, D. A. Robinson, to whom the same was pat-
ented by the United States in the year 1894. Plaintiff sets
forth in the complaint the following chain of title, and exhibits
therewith all the conveyances constituting the several links in
the chain:

1. Deed of trust dated July 13, 1896, executed by D. A. Robinson and wife, Martha J. Robinson, to W. H. Raymond, trustee, to secure payment of a debt to the Farmers Savings, Building & Loan Association of Nashville, Tennessee.

2. Deed dated January 5, 1899, executed by D. A. Robinson and wife, Martha J., to Farmers Savings, Building & Loan Association, conveying the land to said grantee in fee simple.

3. Deed dated June 17, 1908, executed by J. F. Loughborough, receiver of the Farmers Savings, Building & Loan Association, to Mrs. H. O. Wright, conveying said land under orders of court as the property of said Farmers Savings, Building & Loan Association, an insolvent corporation.

4. Deed dated August 5, 1908, executed by C. P. Perrie, attorney in fact of Mrs. H. O. Wright, conveying the land in fee simple to plaintiff, W. A. Taylor.

It is also alleged in the complaint that on January 20, 1899, said Farmers Savings, Building & Loan Association and said D. A. Robinson entered into a contract in writing wherehv the former leased said land to the latter for a period of five years from that date, and that said Robinson and the defendant, his wife, took possession of said land under said contract and held possession thereof under the lease, but had failed to pay any of the sums of money stipulated for in the contract. Said written contract is also exhibited with the complaint.

Defendant in her answer specifically denied that any of the conveyances set forth in the complaint, except the patents to D. A. Robinson, were ever executed. She further alleged in her answer that the lands in question constituted the homestead of her husband; that in January, 1899, she and her husband separated on account of his cruel treatment of her, and that as a settlement of their separate property rights he surrendered to her the land in controversy to hold as her absolute property in consideration of her agreement to rear their children without expense to him; that, pursuant to said settlement and agreement, she moved on the land, built a house thereon and cleared up a considerable quantity of it, and occupied it continuously as her own up to the commencement of this suit. She pleaded that her occupancy was actual, open, notorious and uninterrupted, claiming the land as her own for a period of about ten years.

It is contended that the verdict is not sustained by evidence, and also that the court erred in giving instructions and in refusing some of plaintiff's requests for instructions; also that the verdict should be set aside on account of alleged misconduct of defendant's counsel.

The condition of the record is such that we can not consider these assignments of error. The defendant in her answer denied the existence of each link in plaintiff's chain of title. The burden of proof was on plaintiff to prove his title. He failed to introduce the title deeds which were exhibited with the complaint. At least, the bill of exceptions fails to show that either the deeds or copies thereof were introduced in evidence, or that they were otherwise proved. Since the record was filed in this court, the plaintiff has brought up by certiorari certificates of the circuit judge and clerk, which were filed in the office of the clerk after the time for filing the bill of exceptions had expired, to the effect that copies of the deeds and other instruments exhibited with the complaint were introduced in evidence at the trial; but evidence adduced at the trial of a case can not be brought up in that way. We consider only the evidence which is certified in the bill of exceptions.

In a trial at law deeds and other instruments of writing exhibited with the complaint, the execution of which are denied in the answer, must be introduced in evidence. Their exhibition with the pleadings does not make them a part of the evidence in the case unless they are adduced in evidence at the trial. *Richardson* v. *Williams*, 37 Ark. 542; *Neff* v. *Elder*, 84 Ark. 277.

As the bill of exceptions does not show that plaintiff introduced in evidence any of the disputed deeds, he wholly failed to make out a case, and no error of the court in its instructions nor misconduct of counsel in the argument could be prejudicial. The judgment must necessarily, under the evidence set forth in the bill of exceptions, have been in favor of defendant, for the evidence does not show that the plaintiff had any title to the land.

Judgment affirmed.