FOSTER *v.* ELLEDGE.

Opinion delivered January 13, 1913.

1. EJECTMENT—PLEADINGS—BURDEN OF PROOF.—When the answer in an action in ejectment admits that the plaintiffs' ancestor was formerly seized of the land, but that defendant derived his title through a mortgage from the said ancestor and other mesne conveyances, proof by plaintiffs that they are the sole heirs of the deceased makes a *prima facie* case in their favor, and the burden devolves upon the defendant to show that the ancestor had conveyed the land away, or that his heirs were barred by the statute of limitations. (Page 344.)

2. DEEDS—PROOF OF LOSS—EXHIBITS.—When a trustee derives his authority to sell lands from the provisions of a mortgage and the sale is made and the provisions of the mortgage performed, but the deed lost, the trustee has exhausted his powers and can not, years thereafter, execute another deed, the recitals of which would be evidence thereof. When a deed is lost it may be proved upon proper pleadings, but not by filing as an exhibit a substituted trustee's deed reciting the facts. (Page 345.)

3. EXHIBITS—NO PART OF PLEADING IN ACTION OF EJECTMENT.—Exhibits are no part of the pleadings in an action of ejectment, can not be substituted therefor, nor used to supply deficiencies therein. (Page 345.)

Appeal from Lee Circuit Court; *Hance N. Hutton,* Judge; reversed.

STATEMENT BY THE COURT.

Appellants, claiming to be the children and sole heirs at law of Drew S. Foster, deceased, brought suit in ejectment against the appellee, alleging that said ancestor was the owner of the eighty acres of land, describing it, in his lifetime, having acquired the same by donation deed from the State of Arkansas; that the land was occupied as his homestead; that he died seized and possessed thereof, and that appellee was in possession without right, claiming to be the owner.

Appellee denied that appellants were the children of D. S. Foster; admitted that he owned the land, as alleged by them, and occupied the same as his homestead during his life; denied that he was in wrongful possession, and claimed to be the owner thereof, deraigning his title

thereto from the same source as claimed by appellants, through a mortgage from their ancestor, alleged to have been foreclosed afterward and other mesne conveyances down to a deed from the Brinkley Car and Manufacturing Company to him of date October 12, 1909. Copies of the deeds and mortgages were exhibited with the pleadings, and appellants filed exceptions to exhibit "C" to the answer, which purported to be a deed, executed by R. T. Crabbe, a trustee, reciting that it was made to restore a link in the chain of title, caused by the loss or destruction of the original deed made by the trustee on foreclosure of the mortgage some thirteen years before, challenging the authority of the trustee to execute it. It was also excepted to, as insufficient, not showing that the mortgaged land, upon foreclosure sale, brought more than two-thirds of the appraised value.

The court overruled the exceptions and thereupon appellee moved to dismiss the suit, which motion was sustained, and from the judgment this appeal comes.

*J. F. Wills* and *C. L. O'Daniel,* for appellants.

1. The court erred in overruling appellants' exceptions to exhibit "C" as a muniment of title, because it shows on its face that it was made in an effort to restore a lost deed, purported to have been made by R. T. Crabbe, trustee, to M. Lesser on December 1, 1897, said Crabbe having no right or authority in 1906, long after his authority as trustee had terminated, to execute the instrument exhibited. 31 Ark. 678; *id.* 400; 2 Washburn on Real Prop. § 1455. If it were the original instrument which it attempts to restore, it would be insufficient as a muniment of title, because it does not show that the land sold for two-thirds of its appraised value, or that it was offered for sale more than once. 70 Ark. 312.

Exhibit "C" conveyed no title to lesser, therefore none to subsequent grantees. 97 Ark. 403.

2. The court erred in sustaining the motion to dismiss. Proof that appellants are the heirs of D. S. Foster would have made a *prima facie* case of title in them, and

the burden would have been on appellee to prove a conveyance from him. 41 Ark. 98; 62 Ark. 56; 114 Ill. 271; 2 N. E. 59; 87 Ark. 504; 18 Ark. 183; 2 Washburn on Real Prop. § 1021; 38 Ark. 589; 84 Ark. 303-4; 67 Miss. 169; 65 Ark. 422.

*Daggett & Daggett,* for appellee.

The only question in this case, as appellee contends, is whether or not a mortgagor or his representatives, after default in payment of the mortgage debt, can maintain an action of ejectment for the possession of the mortgaged premises. Any title now held by appellants is purely equitable. Pomeroy's Eq. Jur. § 1187; 7 Ark. 310; 18 Ark. 166; 32 Ark. 478; 43 Ark. 504. And an equitable title will not support an action in ejectment. 36 Ark. 456, 463; 65 Ark. 129, 132; Perry on Trusts, (3 Ed.) 602-aa.; 25 S. W. (Mo.) 536.

KIRBY, J. (after stating the facts). Appellants' allegations that they were the children and only heirs of D. S. Foster; that he was the owner of the land in his life time and occupied same as his homestead and died seized and possessed thereof are statements of fact sufficient to show *prima facie* title in them, as required under the law. Section 2742 Kirby's Digest; *Shirey* v. *Culberhouse,* 41 Ark. 98.

Appellee, having admitted the former ownership of the lands by appellants' ancestor and claiming the lands through the same common source of title, upon the introduction of proof, showing that they were the sole and only heirs of D. S. Foster it would have established a *prima facie* title and devolved the burden upon appellee to defeat the title to show that the ancestor had conveyed the land away, or that his heirs were barred by the statute of limitations. *Shirey* v. *Culberhouse, supra; Weaver* v. *Rush,* 62 Ark. 56; *Smith* v. *Lattsch,* 114 Ill. 271, 2d N. E. 59; *Nicklace* v. *Dickinson,* 65 Ark. 422.

The issue as to the ownership of the land in controversy was formed by the pleadings and certainly appellants were entitled to a trial upon such issue made.

The exhibits to the pleadings are not evidence in the case, as such exhibits, and, upon the trial, as already said, the burden of proof would have devolved upon appellee to show that the lands had passed by proper conveyance away from the ancestor of appellants, or that his heirs were barred to claim them by the statute of limitations. They could have shown the payment of the mortgage, or any other facts, relating thereto, which would have rendered it inoperative and allowed the property to revert to the grantor without a reconveyance thereof. *Cornish* v. *Dews et al.*, 18 Ark. 183; 2 Washburn Real Property, 1021; *Kitchen* v. *Jones*, 87 Ark. 504.

Appellants also contend that the court erred in overruling their exceptions to exhibit "C" to the answer, and are correct in this contention.

The trustee derived his authority to sell and convey the lands from the power of sale contained in the mortgage and the purpose for which the trust was created and the power given having been fully performed by the sale and conveyance of the lands in the first instance his power was at an end and he was without authority to execute another deed years thereafter, the recitals of which would be evidence thereof. *Badgett* v. *Keating*, 31 Ark. 409; *Pillow* v. *Wade*, 31 Ark. 682; 2 Perry on Trusts, Sec. 602-aa, 27 Cyc. 1511. If there was a valid sale and conveyance of the lands by the trustee, it was effectual to pass the title to the purchaser and it could not be divested by the loss or destruction of such deed of conveyance. *Cunningham* v. *Williams*, 42 Ark. 170; *Campbell* v. *Jones*, 52 Ark. 493; *Waters* v. *Wagley*, 53 Ark. 509. The lost deed could have been proved upon proper allegations of the answer relative thereto by competent evidence; (*Stewart* v. *Scott*, 57 Ark. 153; *Callaway* v. *Cossart*, 45 Ark. 81; *Carpenter* v. *Jones*, 76 Ark. 163), but it could not be supplied or restored as was attempted to be done herein by filing as an exhibit to the answer a substituted trustee's deed, reciting the facts. The exhibits are no part of the pleadings in an action of ejectment, can not be made substitutes therefor, nor used

to supply deficiencies therein. *Percifull* v. *Platt*, 36 Ark. 462.

For these errors the judgment is reversed and the cause remanded for a new trial.