ADAMS *v.* BILLINGSLEY.

Opinion delivered February 17, 1913.

1. PLEADING—SUFFICIENCY OF ALLEGATIONS IN COMPLAINT.—A complaint is good on demurrer, which alleges that appellees are principal and sureties on a supersedeas bond given to supersede a judgment in justice court, and that on the appeal to the circuit court the judgment of the justice was affirmed, and reciting the terms of the bond which provided that appellees be liable on said bond in the event of affirmance by the circuit court. (Page 39.)

2. PLEADING—DEMURRER—ANSWER.—When defendant demurs to the complaint "Because the matters and things complained of by the plaintiff herein have been fully adjudicated by the court in another action in this court by and between the same parties in the same cause," the demurrer should have been overruled and the facts set up by defendant by way of answer as a defense. (Page 40.)

3. COURTS—OTHER SUITS—JUDICIAL NOTICE.—Courts can not take knowledge judicially that two actions are identical. (Page 40.)

Appeal from Izard Circuit Court; *J. W. Meeks,* Judge; reversed.

*Samuel M. Casey,* for appellant.

Upon the dismissal of the appeal by the circuit court a cause of action arose against the makers of the bond.

The complaint states a cause of action. 6 Am. & Eng. Ann. Cases 465; 62 N. W. 297; 15 N. W. 708; 31 N. E. 812; 58 N. W. 949.

*J. B. Baker,* for appellee.

McCULLOCH, C. J.   Appellánt instituted this action in the circuit court of Izard County against appellees to recover on an appeal bond executed by the latter to supersede the judgment of a justice of the peace. It is alleged, in substance, that on November 11, 1910, appellant obtained a judgment before a certain justice of the peace of Izard County, Arkansas, against S. F. Billingsley, one of the appellees, for the recovery of the sum of $174.50 and costs of the suit; that thereafter, on December 3, 1910, said appellee, Billingsley, together with his coappellees, Nicks and Baker, as sureties, executed a supersedeas bond; that at the September term, 1911, of said circuit court, said appeal was by the court dismissed; and that no part of said judgment has been paid.  The bond is copied at length in the complaint, and is in the form prescribed by the statute, which is to the effect that if "the judgment of the justice shall be affirmed, or, if, on the trial anew in the circuit court, judgment be given against the appellant, he shall satisfy such judgment, or if his appeal be dismissed, he shall pay the judgment of the justice, together with the costs of the appeal."

Appellee demurred to the complaint on the following grounds, towit:  (1) "Because said complaint does not state facts sufficient to constitute a cause of action against these defendants;" (2) "Because said complaint does not state facts sufficient to give the court jurisdiction of said defendants, E. H. Nicks and J. F. Baker;" (3) "Because the matters and things complained of by the plaintiff herein have been fully adjudicated by the court in another action in this court by and between the same parties, and in the same cause."

The court sustained the demurrer, and appellant electing to stand on the complaint without pleading fur-

ther, the complaint was dismissed and final judgment was rendered against appellant for costs. He has prosecuted an appeal to this court from said judgment.

Sufficient facts are stated in the complaint to constitute a good cause of action within the jurisdiction of the court against each of the defendants, and the demurrer, upon the first and second grounds stated therein, should have been overruled.

The matters set forth in the third paragraph of the demurrer did not constitute ground for demurrer, but should have been pleaded by answer as a defense.

It is contended by appellee in his brief that the case of *Billingsley* v. *Adams,* 102 Ark. 511, is between the same parties and constitutes the same cause of action, and that the judgment of this court, in that case, constituted an adjudication of the rights of the parties in this.

We can not take knowledge judicially that the two actions are identical. *Murphy* v. *Citizens Bank,* 82 Ark. 131.

Nothing in the opinion in that case conflicts with our present decision that a cause of action against the principal and the sureties on the supersedeas bond is stated in the complaint now before us. We merely held that the circuit court was without jurisdiction, on dismissing the appeal, to render judgment summarily on the appeal bond. That is so because the statute does not authorize such a judgment, and in case of dismissal of an appeal, the remedy is by independent action on the bond.

The complaint in this case states that the appeal bond was duly executed, and that the circuit court dismissed the appeal. This constituted a cause of action against the obligors on the bond, and the court erred in sustaining the demurrer. Reversed and remanded with directions to overrule the demurrer.