## DENTON *v.* YOUNG.

### Opinion delivered July 12, 1920.

1. FORCIBLE ENTRY AND DETAINER — SUFFICIENCY OF ANSWER AND CROSS-COMPLAINT.—In a suit for forcible entry and unlawful detainer, an answer and cross-complaint *held* to state a defense and cause of action against plaintiffs where the answer disputed their right of possession and the cross-complaint alleged that defendants were in possession and entitled thereto as purchasers at a tax sale.

2. FORCIBLE ENTRY AND DETAINER — DAMAGES FOR OUSTER.—Under Kirby's Digest, § 3646, one wrongfully and unlawfully ousted from the possession of real estate by means of a writ of forcible entry and detainer is entitled to have any damages sustained by him assessed by the jury trying the main issue, and to a judgment for the amount so assessed.

3.  APPEAL AND ERROR—JUDGMENT NOT IN EVIDENCE.—A judgment
    in another proceeding, relied on by plaintiffs but not introduced
    in evidence below, can not be brought into the transcript by writ
    of certiorari.

Appeal from Fulton Circuit Court; *J. B. Baker,* Judge; reversed.

*C. E. Elmore,* for appellants.

1. The court erred in sustaining the demurrer or motion to dismiss their cross-complaint, as it set forth a cause of action which was admitted by the demurrer.

2. The court erred in refusing appellants the right to submit to a jury the question of damages for the unlawful suing out of the writ of ejectment. Kirby's Digest, § 3646. The cross-complaint with the answer certainly states a cause of action, and the remedy is Kirby's Digest, § 3646; 94 Ark. 505; *Ib.* 453-6; 46 *Id.* 537; 57 *Id.* 87. Appellee, having a suit in the same court for the same property between the same parties, could not convert this suit into an action of ejectment. 104 Ark. 322.

*J. M. Barrow* and *John H. Caldwell,* for appellee.

The demurrer was properly sustained, and there is no error. Appellee admits that there was a suit pending in ejectment; that plaintiff filed a supplemental or amended complaint and secured a writ of possession, as described in the original complaint, and admits that said suit, together with the original complaint, was then pending, and admits that the court had found for plaintiff and against defendants, and they confessed that the finding of the court was correct, and that defendants had no rights in the premises. No court could allow defendants to take advantage of their own wrong. The court was justified in its action, and appellants admit they have no cause of complaint against their own confessions, and the judgment should be affirmed.

HUMPHREYS, J. Appellee, James R. Young, administrator of the estate of W. K. Harrison, deceased, jointly with E. P. Niles, instituted suit against appellants, on the 19th day of September, 1919, in the Fulton

Circuit Court, for forcible entry and unlawful detainer of a certain tract of land in said county, containing eleven acres. An original and two amended complaints were filed. The last amended complaint alleged, in substance, that appellee, administrator of said estate, in the month of October or November, 1917, had legal possession of said real estate; that appellants rented said land from appellee and became his tenants at will; that appellants refused to surrender possession after demand and three days' written notice therefor had been given, but had unlawfully detained same for more than eight months; that the rental value of the property per month was $3. This case was given number 68.

Appellants filed a demurrer to the complaint, on the ground that, on the 17th day of July, 1919, appellees instituted suit in the same court against appellants in ejectment and for the possession of the same lands and tenements as mentioned in the cause, which suit was pending at the time of the filing of the present suit and was still on the docket as case No. 59.

Appellants also filed answer, denying all the material allegations in the complaint; also a cross bill, alleging that they were in the possession of said lands and entitled to remain in possession thereof under purchase at a delinquent tax sale for the year 1918; that, although appellees had no right to the possession of said lands, they dispossessed them under writ of possession issued in the forcible entry and unlawful detainer suit aforesaid on the 29th day of September, 1919, and in doing so destroyed and damaged their personal property in the sum of $167.50, and that they were maliciously, wickedly and wrongfully ousted to their damage in the further sum of $500.

Appellees filed a demurrer to the answer and crossbill of appellants, on the ground, first, they did not sufficiently state by what authority they entered into possession of said lands; second, that they had confessed to a judgment in the ejectment suit that they were unlawfully holding the property.

The demurrer to the last amended complaint, as well as the demurrer to the answer and cross-bill thereto, seem to have been treated as motions to dismiss both the complaint and cross complaint. Appellants, to maintain their demurrer or motions to dismiss the last amended complaint, introduced the complaint in ejectment, filed July 17, 1919. In that complaint it was alleged that W. K. Harrison departed this life seized and possessed in fee simple of said real estate; that his title rested on a patent from the United States of America to Pulina Tunstall, and from Pulina Tunstall, through mesne conveyances, to him; that appellants were in the unlawful possession thereof, and, after demand and notice, refused to surrender same.

At the February term, 1920, of said court, the demurrer was sustained to the last amended complaint and the action dismissed. The demurrer was also sustained to the answer and cross complaint of appellants and the cross complaint dismissed, to which latter judgment appellants objected, excepted and prayed an appeal to this court, which was granted.

On the 5th day of June, 1920, after the original transcript was filed, appellee, on the suggestion of a diminution of the record, secured a writ of certiorari to bring up the judgment rendered in the ejectment suit, which had been filed on July 17, 1919. Said judgment was certified up by the clerk of Fulton County on the 14th day of June, 1920, in which certificate it was stated by the clerk that "the above and foregoing judgment was rendered on the complaint No. 59, filed in my office on the 17th day of July, 1919; that this judgment was not introduced nor used as evidence nor included in the bill of exceptions in the case of No. 68, from which this writ of ceriorari was issued." The judgment in case No. 59, certified up, recites that appellants confessed that they were unlawfully, wrongfully and without authority holding the lands in controversy. Appellants have filed a motion to strike the judgment certified up in case No. 59 from the files in this transcript, for the reason that it was

not introduced in evidence nor brought into the record in this case by the bill of exceptions.

Appellants contend that the court erred in sustaining the demurrer, or the motion to dismiss their cross-complaint, insisting that it set forth a cause of action which was admitted by the demurrer. On the other hand, it is contended by appellees that the court was justified in dismissing the cross-complaint because appellants confessed in the judgment rendered in the ejectment suit No. 59 that they were wrongfully and unlawfully in possession of the land in controversy.

In the answer to the last amended complaint and the cross-complaint thereto, a cause of action was stated against appellees. Appellees' action was for forcible entry and unlawful detainer of the property in controversy. Appellants, in their answer, dispute appellees' right of possession to said property, and, in their cross-complaint, allege that they were in the possession, and entitled to the possession thereof, as purchasers at a tax sale for delinquent taxes for the year 1918; that, although appellees had no right to the possession of said lands, they wrongfully dispossessed them through proceedings for forcible entry and unlawful detainer, and, in doing so, damaged their household effects. One wrongfully and unlawfully ousted from the possession of real estate is entitled to have any damages sustained by him assessed by the jury trying the main issue and to a judgment for the amount so assessed. Section 3646, Kirby's Digest. Appellees contend, however, that this statutory right in favor of appellants was swept away by their confession in the judgment rendered in the ejectment suit between the same parties. The judgment relied upon in support of this contention was not introduced in evidence in the instant case and was not, and could not have been, brought into this record by bill of exceptions. It was improperly brought into this transcript by writ of certiorari. Appellants' motion to strike it from the files is sustained.

For the error in sustaining the demurrer to the answer and cross bill of appellants to appellees' last amended complaint, the judgment is reversed and the cause remanded with directions to reinstate the answer and cross complaint and for further proceedings not inconsistent with this opinion.