BOLTON *v.* MISSOURI PACIFIC RAILROAD COMPANY.

Opinion delivered April 18, 1921.

1.  JUDGMENT—RES JUDICATA—PLEADING.—A plea of former adjudication, to be available, should be pleaded by answer as a defense, and should set out the facts upon which it is based, and the issue is not properly raised by a motion to dismiss which does not recite the facts upon which the plea is based.

2.  JUDGMENT—RES JUDICATA.—In a suit against a railway company for personal injuries sustained by plaintiff prior to the passage of the Federal Control Act, a former judgment holding that the government was not liable for a claim against a railroad company accruing prior to the time when the Director General took possession of the railroads did not bar a subsequent action against the railroad company to recover for such injuries.

3.  EVIDENCE—JUDICIAL NOTICE—JUDICIAL PROCEEDINGS.—Courts can not take judicial notice of their own records in other causes pending therein, even between the same parties, and of course will not take notice of the records of other courts.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Oscar H. Winn,* for appellant.

The motion to dismiss on ground of former adjudication should not have been sustained, because (1) the

defendant here is not the same party as in the former case. Walker D. Hines, Director General of Railroads, and the Missouri Pacific Railroad Company are not the same parties defendant, and (2) it does not affirmatively appear that the matter in dispute was the same issue tried. 13 N. W. 708; 59 Iowa 545; 94 U. S. 608 (Law. Ed.), vol. 24, 214; 34 Cyc. 1666.

The case was never tried on its merits; in the former case the question only as to proper parties was determined. 61 N. E. 954. To make a matter *res judicata,* there must be a concurrence of four conditions—identity of the thing sued for, identity of cause of action, identity of persons and of quality in the persons for or against whom the claim is made. 34 Cyc. 1666 (foot note); 216 S. W. 3; 91 Ark. 394. None of the cases cited by appellee are in point.

*Thomas B. Pryor* and *Ponder & Gibson,* for appellee.

1. The court properly sustained the motion to dismiss on the ground of former adjudication; the cause of action, the subject-matter and the parties are the same and the issues the same. 23 Cyc. 1215; 20 Ark. 85; 23 Cyc. 1253.

2. The judgment on demurrer is conclusive. 2 Black on Judgments, §§ 707-8; 91 Ark. 394; 97 *Id.* 450; 96 *Id.* 87. See, also, 66 Ark. 336; 41 *Id.* 75.

3. Appellant can not recover for alleged injury which happened while the railroad was in hands of a receiver. 18 Am. St. Rep. 60; 69 *Id.* 206; 22 *Id.* 56; 164 Ark. 366; 1 Elliott on Railroads, § 526; 33 Cyc. 338.

4. No motion for new trial was filed, and there is no bill of exceptions. The appeal should be dismissed. 21 Ark. 398; 27 *Id.* 506; 64 *Id.* 483; 93 *Id.* 85.

Smith, J. On May 17, 1920, Clifton Bolton, a minor, by Robert Bolton, his father and next friend, sued the Missouri Pacific Railroad Company for damages for personal injuries received by him. The injury com-

plained of occurred July 6, 1916. The following motion to dismiss was filed by the railroad company:

"MOTION TO DISMISS ON GROUND OF FORMER ADJUDICATION.

"Comes the defendant and moves the court to dismiss the action of the plaintiff herein, because it was a party to a former suit filed in this court in which all the matters that are now set up and complained of were in issue, and the court sustained a demurrer to that complaint, which was affirmed by the Supreme Court of this State; and that there are no new matters arising, and that all of the issues and questions have been adjudicated, and the plaintiff is bound thereby."

This motion was sustained, and the cause dismissed, and this appeal is prosecuted to reverse that action.

The plea of former adjudication is one which, to be available, should be pleaded by answer as a defense. *Adams* v. *Billingsley,* 107 Ark. 38. The answer tendering that plea should set out the facts upon which it is based, and the issue is not properly raised by a motion to dismiss which does not recite the facts upon which the plea is based.

The case which is said to be determinative of the instant case is that of *Bolton* v. *Hines,* found reported in 143 Ark. 601; the insistence being that in the former case both Walker D. Hines, as Director General, and the Missouri Pacific Railroad Company were parties defendant. Such, however, is not the fact. The only defendant in that case was Walker D. Hines, who was sued in his capacity of "Director General, Missouri Pacific Railroad Company, Successor of B. F. Bush, Receiver St. Louis, Iron Mountain & Southern Railroad Company."

The fact alleged in the complaint, as shown in the opinion in *Bolton* v. *Hines, supra,* was that Bolton was injured before Hines, as Director General, assumed charge of the railroad, and the point decided was that the act of Congress giving the government control of the railroads of the county did not make the government liable for a claim against a railroad accruing prior to

the time the Director General took possession; that the railroad company was liable on causes of action accruing prior to that time.

It is insisted for the affirmance of the judgment of the court below that on the date of the alleged injury the railroad was being operated by the St. Louis, Iron Mountain & Southern Railway Company, and that subsequent to said injury that road was sold under a decree of the United States District Court within and for the Eastern District of Missouri, Eastern Division, in a cause therein pending wherein Commonwealth Steel Company was plaintiff and the St. Louis, Iron Mountain & Southern Railway Company was defendant. No such showing is made in the record before us. But it is insisted that this court will take judicial notice of the decree and of the orders thereunder. Counsel is mistaken in this contention. We do not take judicial notice of the decrees and orders of other courts. In 7 Enc. of Evidence, page 1003, it is said: "The general rule is that a court will not take judicial notice of its own records or proceedings in another independent case or proceeding unless required to do so by statute."

We do not have a statute requiring us to take judicial notice of the proceedings of other courts; and in the case of *Murphy* v. *Citizens' Bank of Junction City*, 82 Ark. 131, 11 L. R. A. (N. S.) 616, this court held that "Courts can not take judicial notice of their own records in other causes pending therein, even between the same parties. *Gibson* v. *Buckner*, 65 Ark. 84; *Watkins* v. *Martin*, 69 Ark. 311; *Hall* v. *Cole*, 71 Ark. 601; 16 Cyc., p. 918, and cases cited." See, also, *Fry* v. *Chicot County*, 37 Ark. 117; *Adams* v. *Billingsley*, 107 Ark. 38.

It follows, therefore, that the action of this court, in affirming the decision of the lower court, which sustained a demurrer in favor of the Director General of Railroads, is not an adjudication of the right to sue the railroad itself for an injury which occurred before the Government assumed control of the railroads.

The judgment of the court below will, therefore, be reversed and the cause remanded.