CUMMINS BROTHERS *v.* SUBIACO COAL COMPANY.

Opinion delivered October 17, 1921.

1. DEEDS—CONSTRUCTION.— A deed must be so construed that all of its parts may be harmonized and may stand together, if the same can be done, and yet carry out the manifest intention of the parties.

2. DEEDS—CONSTRUCTION.— To ascertain the intention of the parties, not only must the contents of the deed as a whole be considered, but also the relation of the grantor to the property conveyed.

3. GUARANTY—CONSTRUCTION.—On February 19, 1917, plaintiffs conveyed to defendant's incorporators a one-acre tract of land to be used as a coal tipple. On May 17, 1917, defendant entered into an agreement to guaranty to plaintiff a minimum royalty for coal to be mined under 40 acres of land. On May 14, 1918, plaintiffs conveyed to defendant 4.2 acres of land by description which included the one acre described in the deed of February 19, 1917, reciting that the latter deed is in addition to the former deed conveying the one-acre tract, and for the purpose of conveying the additional land described in the latter deed. *Held* that the latter deed did not cancel the guaranty agreement.

4. APPEAL AND ERROR—NECESSITY OF BILL OF EXCEPTIONS.—Where a decree itself contains a recital of the testimony as to a certain fact, no bill of exceptions is necessary to bring up such testimony.

5. APPEAL AND ERROR—EXHIBITS TO PLEADINGS AS PART OF RECORD.— In an equity case, exhibits attached to pleadings become a part of the record, and may be considered on appeal.

Appeal from Logan Chancery Court, Northern District; *J. V. Bourland,* Chancellor; reversed.

STATEMENT OF FACTS.

Appellants brought this suit in equity against appellee for the recovery of a sum of money alleged to be due them by appellee as royalty under a coal lease and to cancel a coal lease and deed to one acre of land.

The facts are as follows: On Feb. 19, 1917, appellants, by their deed, conveyed to Jas. P. Hoye and R. B. Chitwood one acre of land in Logan County, Ark., described as follows:

"Beginning at a point (40) forty feet due east of the center of hoisting shaft sunk by Hoye and Chitwood and running due north (60) sixty feet, thence west to west line of the 40 acres, thence south to a point directly west of the point. One hundred and twenty feet south of the point of beginning, thence east and north to beginning, containing one acre more or less, and which is located in the SW¼ of the NE¼ of section 23, township 8 north of range 24 west." Immediately following this description is the following: "It is expressly agreed and understood that the essence of this conveyance is to facilitate the opening of the mine and conducting mining operation; and when this land ceases to be used for this specific purpose for a continuous period of three years, it shall thereupon revert to the within grantors, and this title shall be null and void. This conveyance covers only the surface and gives no title to coal or mineral."

Then follows the habendum clause of the deed. The deed was duly recorded on the day of its execution and filed for record on the 17th day of March, 1917.

Jas. P. Hoye and R. B. Chitwood organized a corporation called the Subiaco Coal Company, to take over their leases to mine coal on a certain tract of land owned by appellants. On May 17, 1917, Jas. P. Hoye, R. B. Chitwood, and the Subiaco Coal Co., by Jas. P. Hoye, president, entered into the following agreement with appellants, Cummins Brothers:

"We, the undersigned, hereby agree to guarantee to the Cummins Brothers, owners of the NW¼ of the SE¼ of sec. 23, township 8 north, of range 24 west, a mininum royalty of two hundred and fifty dollars per annum, commencing January 1, 1918, until all of the coal under the above-described land is worked out or can

be worked at a profit from the shaft to be sunk on land adjoining. The above obligation is made in consideration of a certain tract of land given to us for tipple purposes.''

On the 14th day of May, 1918, appellant conveyed to the Subiaco Coal Co., for the consideration of $200 recited in the deed, 4.2 acres of land in Logan County, Ark. The land described in the deed also includes the one acre described in the deed of Feb. 19, 1917. Immediately after the description of the land in the deed is the following:

"This deed is in addition to former deed executed by the grantors herein to Jas. P. Hoye and R. B. Chitwood on the 19th day of February, 1917, and for the purpose of conveying the additional land described herein and not described in the deed to Hoye and Chitwood.'' Then follows the habendum clause of the deed.

The complaint alleges that appellee had refused to mine the coal on the forty acres of land leased from appellants and had refused to pay appellants the minimum royalty of $250 per year for the years 1918 and 1919.

The appellee answered, denying all the material allegations of the complaint, and asked that the complaint be dismissed. The lease and deeds above described were made exhibits to the complaint and answer. The decree recites that the parties come by their respective attorneys, and that the cause "is submitted to the court upon the exhibits attached to the pleadings, which were introduced in evidence, and the admission of the parties as to the deed to one acre; and the court being well and sufficiently advised in the premises, doth find the facts to be that, after the execution by the plaintiffs of the conditional deed conveyed to the defendants the right to use the surface of a certain one acre tract of land described in the deed for mining operations, which became and was the consideration for instrument executed by R. B. Chitwood and Jas. P. Hoye and Subiaco Coal Co., guaranteeing a minimum royalty of $250 per annum, that the defendants purchased from the plaintiffs an additional tract

of land, and plaintiffs executed and delivered to the defendants their warranty deed conveying four acres, which is admitted includes the acre mentioned in said conditional deed, for the consideration of $200 paid in cash."

The court declared the law to be that the deed conveying the four acres of land was controlling, and that under it the title to the land including the one acre conveyed by the first deed passed to appellee, and that it was thereby released from its agreement of guarantee to pay a minimum royalty of $250 per annum, which was the only consideration for the first deed of the day of February 19, 1917.

From the decree entered of record the plaintiffs, who are the appellants in this court, have duly prosecuted their appeal.

*Anthony Hall,* for appellant.

The last deed by appellants to appellee did not release the latter from the obligation of the first deed to pay a minimum royalty.

A deed must be construed according to the intention of the parties, as manifested by the language of the whole instrument, but where there is a repugnancy between the granting and habendum clauses, the former will control the latter. 98 Ark. 570; 64 Ark. 240; 93 Ark. 5. The stipulation in the second deed is part of the granting clause.

*Pryor & Miles,* for appellee.

Where a record in chancery court shows that the case was determined upon oral as well as written testimony, which oral testimony is not preserved, it is presumed that the court's finding is supported by such evidence. 92 Ark. 622; 83 Ark. 424; 98 Ark. 266.

The language used in a deed will be interpreted most strongly against the grantor. 111 Ark. 220; 53 Ark. 107. To arrive at the meaning of a deed, it is admissible to look to the construction placed on the deed by the parties themselves. 68 Ark. 544.

Hart, J., (after stating the facts). In *Jackson* v. *Lady,* 140 Ark. 512, the court held that a deed must be so

construed that all of its parts may be harmonized and stand together, if the same can be done, and yet carry out the manifest intention of the parties. The court held further that, to ascertain the intention of the parties, not only must the contents of the deed as a whole be considered, but also the relation of the grantor to the property conveyed.

In the application of this well known rule of construction, we think the decision of the chancellor was wrong. Under the terms of the lease from appellants, appellee became entitled to sink a shaft and mine the coal on a certain forty-acre tract of land of appellants for a certain stipulated period. On the 19th day of February, 1917, appellants conveyed to the grantors of appellee one acre of land to establish a tipple to better mine the coal on said forty-acre tract. In the deed it was expressly stipulated that the object of the conveyance was to facilitate the opening of the coal mine and the conducting of the mining operation on the leased forty-acre tract and that, when the land ceased to be used for this purpose, the title should revert to the grantors.

It further provided that the conveyance only covered the surface of the earth and gave no title to the coal or minerals under the surface. On May 17, 1917, appellee and its grantors, Hoye and Chitwood, executed an instrument whereby they guaranteed to appellants a minimum royalty of $250 per annum, commencing January 1, 1918, until all the coal on a certain forty-acre tract is worked out from the shaft to be sunk on the adjoining forty acres.

The agreement also recites that it is made in consideration of a certain tract of land given to the grantors for tipple purposes. Under this clause it is insisted that this obligation became void when the deed of May 14, 1918, from appellants to appellee was executed. In making this contention, however, counsel have not given full effect to the entire deed conveying the 4.2 acres of land.

It is true that the latter deed includes the one-acre tract in the description of the 4.2 acre tract; but, immediately following the description, the deed recites that it is in addition to the former deed conveying the one-acre tract, and for the purpose of conveying the additional land described in the latter deed and not described in the former deed. Moreover, the deed is a deed in fee simple, and does not contain any clause whereby the land reverts to the grantor when the land ceases to be used for the purpose of opening up the mines and conducting mining operations on the leased premises.

So it will be seen by the latter deed that three additional acres of land are conveyed, and the title to the one-acre tract is granted in fee simple to appellee. There is nothing in the language of the instrument to indicate that it was the intention of the parties to cancel the guaranty agreement whereby the minimum royalty was fixed at $250 per annum. It is true that the guaranty obligation recites that it is made in consideration of the one-acre tract for tipple purposes; but it will be noted that the second deed, as above stated, grants the fee simple title to the one-acre tract as well as the additional three acres. There is no language in the deed, nor is there anything from the surrounding circumstances, that indicates that it was the intention of the parties to cancel the guaranty contract by the execution of the later deed.

On the contrary, when all three instruments are read and considered in the light of each other, we think that it was not the intention of the parties to cancel the guaranty agreement by the execution of the later deed conveying the 4.2 acres of land, and that the chancellor erred in so holding.

But it is insisted that the decree must be affirmed, because it recites that the cause was heard on the pleadings and the attached exhibits and the admission of the parties as to the deed to the one-acre tract. There is no bill of exceptions, and the insistence is, that on this ac-

count there is a presumption that the admission of the parties as to the deed to the one-acre tract supports the finding and decree of the court. This would be true if the decree did not recite what the admission of the parties was. The decree specifically recites that the admission was that the warranty deed subsequently executed to the 4.2-acre tract also includes the one-acre tract mentioned in the first deed. It is well settled that when the decree itself contains a recital of the testimony, no bill of exceptions is necessary. *Baucum* v. *Waters,* 125 Ark. 305 and *Strode* v. *Holland,* Ante p. 122, and cases cited.

So in the present case, the record itself having recited what the admission as to the one-acre tract was, it was not necessary to bring the facts relating to the admission into the record by bill of exceptions. This being an equity case, the exhibits attached to the pleadings became a part of the record and might be considered as well as the recitation concerning the admission contained in the decree itself.

The decision of the chancellor was based upon the pleadings, the exhibits thereto, and the recital of the decree as to the admission of the parties that the deed to the 4.2 acre tract also included the one-acre tract.

Upon this state of the record the court erred in holding for appellee and in dismissing the complaint of appellants for want of equity.

It follows that the decree must be reversed, and the cause will be remanded for further proceedings in accordance with the principles of equity and not inconsistent with this opinion.