SOUTHERN FARMERS ASSN., INC. *v.* WYATT.

5-2548                                    353 S. W. 2d 531

Opinion delivered February 12, 1962.

*Edgar R. Thompson,* for appellant.

*W. M. Thompson,* for appellee.

JIM JOHNSON, Associate Justice. This is an appeal from an order of the White County Circuit Court dismissing an action for debt filed by appellant. Appellant's suit was on an open account arising out of an

alleged sale of chickens to appellees. The trial court dismissed appellant's complaint upon a finding that appellant had elected to proceed upon the same cause of action in the Chancery Court of Independence County and that having received the benefits of its action in Chancery Court appellant was estopped from prosecuting the instant case. The court further found that the so-called "election" of appellant resulted from an order of the Independence Chancery Court directing appellant to dismiss a previous action for the same debt in the White County Circuit Court or to dismiss the action in the Independence Chancery Court. Thus it is seen that the determination of the issues in this case necessarily involves a consideration of three separate cases wherein some of the parties were the same.

Appellant prosecutes this appeal and states only one point upon which he relies for reversal, i.e., "No Election of Remedies Was Ever Granted." Under this point appellant argues that it never made an election between inconsistent remedies, and that its prosecution of the suit in the Independence Chancery Court did not operate as a bar to the maintenance of the present action.

In order to understand the issue presented to the Court here, it is necessary to know something of the history of the litigation which preceded this suit. In chronological order, the appellant first filed suit on the cause of action in the White County Circuit Court on June 12, 1958. On December 31, 1958, in an action for accounting against a creditor of the defendant, Wayne Wyatt, Wyatt was made a party defendant on a claim by the appellant for the same debt upon which suit was brought in the case at bar. Subsequently, Wyatt moved in the Chancery Court of Independence County to require appellant to elect as to whether he would pursue the action filed in the White County Circuit Court in June 1958, or whether he would dismiss that action and proceed in the Independence Chancery Court. The record is somewhat ambiguous as to whether the Independence Chancery Court granted the motion or whether

appellant acted without an order of the court. The order appealed from shows that appellant was ordered to make such election by the Independence Chancery Court, while the pleadings on behalf of the appellee, which gave rise to the order complained of, would indicate that the action of appellant was voluntary. However, as we view the problem, this is a matter of little consequence since the appellant did dismiss the first suit in the White County Circuit Court. On December 1, 1959, the Chancery Court of Independence County entered a decree dismissing appellant's complaint against appellee for the same debt sued upon in the case now under consideration. This Chancery Court order was predicated upon a Motion for Dismissal filed by appellees, but such *motion does not appear in the record before us on appeal.* This decree leaves much to be desired by way of clarity as to the actual ruling of the court and the reasons and grounds therefor. The last two paragraphs of the decree read as follows:

"That the motion heretofore filed and not passed upon the Court, and filed on behalf of the Respondents to dismiss Plaintiffs complaint, should be and is hereby granted; and Plaintiffs cause of action is dismissed on the grounds set out in said Motion, and said Action is dismissed at the costs of the Plaintiffs, so far as the Respondents are concerned.

"The Court further finds that since the cause of action of the Plaintiff's must be dismissed for want of equity, it is not necessary that the Court shall pass upon the motion of the Respondents to make Quaker Oats Company Incorporated, a Third Party Defendant nor to pass on the motion of Quaker Oats Company, Incorporated to quash Service of Summons upon them."

On December 1, 1959, the same day that its action was dismissed by the Independence Chancery Court, the appellant commenced the present action in the White County Circuit Court seeking judgment for the same claim asserted in the first case in the White Circuit Court and subsequently asserted in the Independence

Chancery Court. The record is not clear as to whether the instant action was commenced after the Chancery Court action was dismissed or whether it was commenced prior to the order of dismissal. There are assertions on behalf of the appellee that the present case was commenced after the order of dismissal. However, the order of dismissal makes no finding as to the precise time that the last case was filed. Subsequently, on March 18, 1960, appellee filed the Motion to Dismiss which resulted in the Order of Dismissal from whence comes this appeal.

With the foregoing facts in mind, it is our opinion that this case must be reversed and remanded for the following reasons:

1. The Motion to Dismiss is not the proper remedy for interposing the defenses of: (A) An irrevocable election of remedies and (B) res judicata.

2. There is no evidence in the record to sustain the finding of the trial court.

3. Where the record is abbreviated with consent or without objection, there is no presumption that any deleted material would sustain the finding of the trial court.

This Court has consistently held that pleading res judicata is available only by way of answer and is not properly raised by a Motion to Dismiss. *Bolton* v. *Missouri-Pacific Railway Co.*, 148 Ark. 319, 229 S. W. 1025; *Adams* v. *Billingsley*, 107 Ark. 38, 153 S. W. 1105. In this we are in accord with the majority rule set out in 50 C. J. S. "Judgments", § 824, wherein it is said:

"On the other hand, if the facts and nature of the former adjudication are not disclosed by the face of plaintiff's pleading, the defense of res judicata usually must be pleaded affirmatively, and cannot be raised by demurrer, or by a motion directed to the sufficiency of the complaint, such as a motion to strike or to dismiss. . . ."

It is premature to attempt to move to dismiss a case on either the ground of irrevocable election of remedies or res judicata. Under our system of pleading the only proper way to raise such matters is by way of plea in the answer. The plea corresponds to the common law plea of confession and avoidance. It is an affirmative plea in nature and, as we will later discuss, the burden of proof is upon the party asserting the defense. While the parties have made free use of the term ''election of remedies'', and there is a reference thereto in the order appealed from, a thorough analysis of the Motion to Dismiss and the order appealed from shows that the Motion was granted upon the theory of res judicata. Since res judicata is not available by way of a Motion to Dismiss, the action of the trial court in attempting to separate this one issue and dispose of the case upon its merits upon this one issue without consideration of the other issues of fact is manifestly erroneous.

The record on this appeal shows that the trial court decided this issue upon the pleadings and the argument of counsel without benefit of evidence. The recital of the matters upon which the Motion to Dismiss was submitted makes this fact abundantly clear. There is no reference whatever to any testimony or evidence having been received by the court in the consideration of the Motion to Dismiss. Rather, there is an affirmative showing that the court decided the matter upon the pleadings, the exhibits thereto, the argument of counsel and memorandum briefs of the parties. It would appear that the trial court felt that it could dispose of the Motion upon the pleadings without hearing evidence.

This is an erroneous concept. We pointed out in *Denton* v. *Young,* 145 Ark. 147, 223 S. W. 380, that a judgment relied upon as a bar to an action could not be considered unless introduced into evidence. We said in part: ''The judgment relied upon in support of this contention was not introduced into evidence in the instant case and was not and could not have been brought

into this record by a Bill of Exceptions." In *Running* v. *Southwest Freight Lines, Inc.*, 227 Ark. 839, 303 S. W. 2d 578, in discussing the necessity for evidence on a Motion to Dismiss, we said in part: "Since the record in this case contains . . . no testimony on which we can say whether the trial court abused its discretion, it becomes necessary to determine which party had the duty of producing such testimony. . . . In the ordinary Motion to Dismiss, where testimony is required, the burden is always on the moving party to produce evidence to sustain the allegations of his motion and we know of no good reason why the same rule should not apply here." It is asserted by appellees that the exhibits attached to the pleadings were actually introduced into evidence in the determination of the Motion. However, the record does not show that these exhibits were introduced as evidence. In fact, the record on appeal in the instant case is absolutely devoid of any transcript of any evidence which the court might have received upon the matter of the Motion to Dismiss.

Appellees contend that exhibits to pleadings are evidence and should be treated as such and in support of their contention cite *McMillen* v. *Morgan*, 90 Ark. 190, 118 S. W. 407; and *Cummings Bros.* v. *Subiaco Coal Co.*, 150 Ark. 187, 233 S. W. 1075. These cases are not authority for this contention. Both of the cited cases actually hold that exhibits to pleadings are part of the record in Chancery cases. In law cases the rule is different, *Bouldin* v. *Jennings*, 92 Ark. 299, 122 S. W. 639; *Foster* v. *Elledge*, 106 Ark. 342, 153 S. W. 819, and this is a law case. Exhibits must be introduced in evidence in order to be considered. *Taylor* v. *Robinson*, 94 Ark. 560, 127 S. W. 972. An exhibit is merely a part of the pleading and has no greater dignity than the pleading to which it is attached.

The only mention in the record here of any matter which could possibly sustain the trial court in granting the motion to dismiss is the decree of the Independence Chancery Court dismissing a proceeding wherein appel-

lant was plaintiff and appellees were defendants. This is one of the exhibits which appellee contends should be considered as evidence. However, there is no pleading admitting the authenticity of this exhibit nor the rendition of such Order of Dismissal and therefore there is no evidence of the rendition of the Order of Dismissal in the Chancery Court of Independence County.

In this connection, it cannot be said that the Circuit Court of White County, Arkansas, had a right to take judicial notice of the record and proceedings of the Chancery Court of Independence County, Arkansas.

In *Bolton* v. *Missouri Pacific Railway Company,* 148 Ark. 319, 229 S. W. 1025, we said:

"We do not take judicial notice of the decrees and orders of other courts. In 7 Enc. of Evidence, page 1003, it is said: 'The general rule is that a court will not take judicial notice of its own records or proceedings in another independent case or proceeding unless required to do so by statute.' We do not have a statute requiring us to take judicial notice of the proceedings of other courts; and in the case of *Murphy* v. *Citizens Bank of Junction City,* 82 Ark. 131, 112 R. A. (N. S.) 616, this court held that 'courts can not take judicial notice of their own records in other causes pending therein, even between the same parties. *Gibson* v. *Buckner,* 65 Ark. 84; *Watkins* v. *Martin,* 69 Ark. 311; *Hall* v. *Cole,* 71 Ark. 601; 16 Cyc. p. 918, and cases cited.' See also *Fry* v. *Chicot County,* 37 Ark. 117, *Adams* v. *Billingsley,* 107 Ark. 38."

Even though there is no evidence in the record to sustain the trial court in its ruling, we are aware of the fact that there is a line of cases which holds that where the record is not complete, it is presumed that the omitted matter would sustain the ruling of the trial court. However, this concept and line of cases was nullified by the adoption of Act 555 of 1953, which provides in part in Section 12 (Ark. Stats. § 27-2127.6), "Where the record has been abbreviated by agreement or *without objection from opposing parties,* no presumption

shall be indulged that the findings of the trial court are supported by any matter omitted from the record." We have applied this rule in *Griffin* v. *Young*, 225 Ark. 813, 286 S. W. 2d 486; *Manila School District No. 15* v. *Sanders*, 226 Ark. 270, 289 S. W. 2d 529; and *Kemmery* v. *Shockley*, 226 Ark. 437, 290 S. W. 2d 442. In the last two cited cases it was vigorously contended that evidence had actually been introduced which would sustain the findings of the trial court, but had been omitted in the record on appeal. These cases can be summed up by stating that an appellee who does not object to the filing of an abbreviated record acts, or fails to act, at his peril and if the record omits something vital to appellee's position, he must fail. There are some assertions in the brief of the appellee herein to the effect that some evidence was heard by the trial court, but in view of the statute and the cases cited, we cannot indulge any presumption that the alleged omitted material would sustain the Circuit Judge.

Reversed and remanded.