## Alice Inez HURST v. Rex L. HURST

73-195                               504 S.W. 2d 360

Opinion delivered January 28, 1974

*Brown, Compton & Prewett, Ltd.,* for appellant.

*Haskins, Ward & Rhodes* and *Bruce Bennett,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant urges two points for reversal of a decree of divorce granted her husband on the ground of desertion. Appellee filed his complaint on the 12th of January, 1973. Appellant filed a motion to dismiss, alleging that the Chancery Court of Union County had, by decree entered after a hearing held December 14, 1972, awarded her separate mainten-

ance on her petition filed August 6, 1971, to which appellee had responded by answer and later by an amended answer and cross-complaint in which he alleged that he was entitled to an absolute divorce from appellant on the ground of personal indignities. It was also alleged in the motion that appellee's cross-complaint for divorce in that suit was dismissed, that no appeal was taken from the decree and that the complaint in the present action should be dismissed because the issues were res judicata. The motion was denied and, after trial, the decree which is the subject of this appeal was entered.

Appellant asserts two points for reversal, i.e., error in denial of her motion to dismiss and error in finding that appellant had deserted appellee and remained away from his home without reasonable cause. We find no reversible error.

At the outset, we should say that res judicata is an affirmative defense, ordinarily to be raised only by answer. *Narisi* v. *Narisi*, 233 Ark. 525, 345 S.W. 2d 620; *Southern Farmers Association* v. *Wyatt*, 234 Ark. 649, 353 S.W. 2d 531. It cannot properly be raised by motion to dismiss. *Southern Farmers Association* v. *Wyatt*, supra. In any pleading raising the defense the facts upon which the plea is based must be set out. *Widmer* v. *Wood*, 243 Ark. 617, 421 S.W. 2d 872. The burden of proving this defense was upon appellant. *Southern Farmers Association* v. *Wyatt*, supra. Assuming that the defense could have been asserted by motion, it was incumbent upon appellant to produce evidence sustaining the allegations of her motion, in order to prevail on that defense. There is absolutely no evidence abstracted by either party which makes the required showing. The previous action is not mentioned in any way, other than in appellant's motion, even though it is conceded by appellee that they were separated from August to December in 1971, and that there was a divorce suit between the parties, which was heard on December 14, 1971. The chancery court could not take judicial notice of a prior proceeding between the parties, even though it was in the same court. *Lewis* v. *Lewis*, 255 Ark. 583, 502 S. W. 2d 505 It must appear, either from the record or extrinsic evidence that the particular matter involved was raised and determined. *Fisher* v. *Fisher*,

237 Ark. 321, 372 S.W. 2d 612. Unless, of course, the matter was necessarily within the issues presented and might have been litigated in the prior action. *Arkansas State Highway Commission* v. *Staples,* 239 Ark. 290, 389 S.W. 2d 432. Otherwise, the action cannot be dismissed on the ground of res judicata. *Southern Farmers Association* v. *Wyatt,* supra. A judgment relied upon as a bar cannot be considered here unless it was introduced in evidence. *Denton* v. *Young,* 145 Ark. 147, 223 S.W. 380.

Appellant concedes that res judicata applies in divorce cases only when the second suit is on the same cause of action as the first, but we are unable to say that this is the case or even that the decree in any prior case between these parties was based upon any particular finding on any issue, even the cause of the separation. Consequently, we cannot apply the rationale of the case of *McKay* v. *McKay,* 172 Ark. 918, 290 S.W. 951, wherein it was held that a decree denying a wife's prayer for divorce for cruel and inhuman treatment was conclusive, in a later suit by her on the ground of desertion, as to the question whether she had cause for leaving her husband and their home.

We do not overlook the possibility that the defense of res judicata might be established on a motion for summary judgment. But we cannot say that the pleading here was sufficiently identified as such a motion to require appellee to respond to it as such. Even if it were, and it could be said that it now appeared to us that there remained no genuine issue of material fact on the question, appellate relief from the denial of a summary judgment cannot be had, after trial on the merits. *Williams* v. *Varner,* 253 Ark. 412, 486 S.W. 2d 79; *Deposit Guaranty National Bank* v. *River Valley Company, Inc.,* 247 Ark. 226, 444 S.W. 2d 880; *American Physicians Insurance Co.* v. *Hruska,* 244 Ark. 1176, 428 S.W. 2d 622.

Little need be said about the second point. Even though there was evidence tending to show that after a brief reconciliation of the parties, whether permanent and unconditional as asserted by appellee, or temporary and conditional in accord with appellant's version, we cannot say that the chancellor's finding that the departure of appellant from appellee and his home on Decem-

ber 18, 1971, was not justified by the conduct of appellee, was clearly against the preponderance of the evidence. Appellee testified that the parties settled their differences, put them in the past and started a new life under new conditions, but that appellant left without any reason. He specifically denied having struck or threatened her in December 1971, or having made any accusations about her having had affairs with other men, as he had previously done. Mrs. Hurst equivocated in her testimony to some extent. She said they had a quarrel on December 18 and that she left after he had dragged her out of her automobile onto the driveway where they fought. She admitted, however, that after they got up he "got awful sweet" to the extent that she felt compelled to go in the house and have sexual relations with him. She testified later that they had an argument in the driveway on that occasion, and that she then had to go into the house and have sexual relations with him in order to get away from the home. She did admit that appellee did not physically force her to have sexual relations with him, but that she was afraid that he would not let her leave if she did not.

Since there is no reversible error, the decree is affirmed.

HARRIS, C.J., not participating.