## BUSCH *v.* GECKS.

4-7760                                          190 S. W. 2d 625

Opinion delivered December 3, 1945.

*Jay M. Rowland,* for appellant.

*Curtis L. Ridgway,* for appellee.

McFADDIN, J. The sole question is whether the appellant is entitled to interest.

Appellant, as plaintiff, filed suit against appellee in the Garland chancery court on March 16, 1945, alleging: (1) that in January, 1942, appellant, by written contract, sold certain real estate to appellee for $25,000; (2) "that there is now due the sum of $3,250 accumulated past-due interest which, after repeated demands, the defendant refuses and neglects to pay"; and (3) "that plaintiff has a right to foreclose her vendor's lien on the said property . . . in the amount of $3,250 interest and the amount of $25,000 principal, a total amount of $28,250." The prayer of the complaint was for a decree of foreclosure and an order of sale. The appellee (defendant below) denied any agreement to pay interest, and claimed that no interest was due under the contract. After hearing the evidence the chancery court sustained the defense of the defendant, and entered a decree dismissing the complaint for want of equity. The plaintiff prosecutes this appeal.

The evidence is practically uncontradicted. Appellant was the owner of certain real estate in Garland county, Arkansas. On January 14, 1942, she and appellee entered into a written contract, prepared without aid of an attorney. The instrument was entitled "A Rental-Purchase Agreement." We copy its salient provisions:

"Bertha J. Busch agrees to the following.

"1. To turn over to Anton J. Gecks two hundred and thirty (230) acres of land in Garland county, state of Arkansas, as recorded on pages of Land Records in

Court House, in Hot Springs, Arkansas, in which land is located the McClendon Springs and Housing Properties on the following basis:

"Rental rate, First year............$25.00 per month
"    "        "    Second year ........ 30.00  "    "
"    "        "    Third year ....:.... 35.00  "    "
"    "        "    Fourth year ........ 40.00  "    "
"    "        "    Fifth year .......... 50.00  "    "

"2. At the end of the fifth year, all ·rents paid by Anton J. Gecks, during this five-year period of time, will be applied as a credit on purchase price of this property which is now agreed upon as twenty-five thousand. dollars ($25,000);

"3. At the end of the fifth year, when purchase price of property goes into effect, Bertha J. Busch agrees to give to Anton J. Gecks, a clear title to above property upon payment of said twenty-five thousand dollars ($25,000), minus rental credit as agreed upon in paragraph two (2). In the event that Anton J. Gecks is unable to pay the full amount agreed upon, Bertha J. Busch hereby agreed to grant to Anton J. Gecks, an additional period of five (5) years to complete payment for said property. Unpaid balance to be paid one-fifth (1-5) yearly. . . .

"Anton J. Gecks agrees to the following:

"1. To do everything within his knowledge, power to the best of his ability to create a market for the products of McClendon Mineral Springs and the land thereof.

"2. To make all monthly rental payments promptly when due at agreed rental rates.

"3. To make repairs to all properties as needed as quickly as conditions will permit. . . .

"9. Failure to pay monthly rental on time automatically cancels this contract and Anton J. Gecks must remove all personal effects from property within ten (10) days time. . . ."

It is admitted that Gecks made and is still making the monthly payments promptly and just as provided in the contract; that he has never paid any interest; that the contract has no provisions for interest; and that the parties made no agreement about interest. The plaintiff testified on direct examination:

"Q. And did he ever pay any interest on the contract? A. No. Q. Was there any agreement between you and him with reference to interest? A. No, he didn't say anything about it."

And, again, the plaintiff testified:

"Q. Was there any interest ever mentioned on any of it? A. No. Q. Did he ever say anything about interest? A. No."

In concluding his brief in this court, the attorney for the appellant says:

"We, therefore, respectfully submit that the judgment of the Garland chancery court should be reversed, and that the appellant have judgment for foreclosure of her lien by reason of the past-due interest."

Thus, it is clear that the only question is whether the appellee owes any interest on the monthly payments that were made promptly when due. We answer this question in the negative. In *Wilson* v. *Anthony*, 19 Ark. 16, this court held that a bond payable after date without any stipulation for interest, does not bear interest until it is due. Again, in *Joyner* v. *Turner*, 19 Ark. 690, this court held that a note payable twelve months after date does not bear interest until maturity, where there is no stipulation for interest. These cases, decided by this court in 1859, followed the rule announced in leading cases from other jurisdictions, in holding that when a contract is silent on the subject of interest and does not by implication exclude it on money due and payable under the contract, then the law implies interest should be paid only from the time the debt becomes payable. Some such earlier cases are: *Potter* v. *Gardner* (1831), 30 U. S. (5

Pet.) 718, 8 L. Ed. 285; *Richardson* v. *Flournoy* (1832), 30 Ky. (7 J. J. Marsh.) 155; *Simpson* v. *McMillion* (S. C. 1818) 1 Nott & McC. 192; *Buchanan* v. *Leeright* (Va. 1807), 1 Hen. & M. 211.

The weight of authority at the present time is to the same effect as these earlier cases. In 30 Am. Juris. 35, in discussing the time from which interest is computed in contract cases, the text states:

"As a general rule interest on money runs from the time when the money becomes due and payable, in the absence of any contract to the contrary."

In 33 C. J. 230, in discussing the time from which interest runs, the text says:

"The general rule is that interest on money runs from the time when the money becomes due and payable in the absence of some agreement providing otherwise. . . ."

The cases of *Roberts* v. *Wilcoxson,* 36 Ark. 355, and *Powhatan Zinc & Lead Mining Co.* v. *Hill,* 98 Ark. 519, 136 S. W. 669, in no wise conflict with the holding here. In each of those cases there was the question of interest *from maturity,* while here there is the question of interest *from date.* In the absence of any contract for interest from date until maturity, the interest does not begin until maturity of the obligation.

It is unnecessary for us to consider whether the contract here in issue is a rent contract, an option contract, or an executory contract of sale; because the only question here is whether the appellee owes interest. Under the authorities heretofore cited, it is clear that no interest is due on any monthly payment until the maturity thereof. Since it is admitted that all monthly payments have been made promptly when due, the chancery court correctly dismissed the complaint for want of equity.

Affirmed.