ALICE SOSIK *vs.* JOSEPH T. CONLON *et al.*

NOVEMBER 1, 1960.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

440

CONDON, C. J. This is a bill in equity for the cancellation of a certain real estate mortgage and promissory note secured by said mortgage. The cause is here on the com-

plainant's appeal from a decree of the superior court deny-
ing and dismissing the bill after a hearing on the merits.
The complainant relies on eight reasons of appeal which are
substantially to the effect that the decree is against the
law and the evidence and the weight thereof.

The bill was filed on September 5, 1958. It alleges that
the complainant "is and has for some time been mentally
incompetent and during the past six (6) months certain
transactions were made with the Respondent who had full
knowledge of said fact." The transactions referred to are a
mortgage of three parcels of real estate on Fillmore, Dale
and Dodge streets in the city of Providence and a promis-
sory note which reads as follows:

"February 28th 1958

$

6 yrs. after date for value received I promise to pay
Joseph T. Conlon or order, Thirty-six hundred
00
($3600xx) and no/100- Dollars, with interest at the
rate of six (6%) per cent per annum, payable $60.00
monthly on 25th of each month till said principal sum
is paid, whether at or after maturity, and all install-
ments of interest in arrears, whether before or after
maturity to bear interest at the rate aforesaid till paid.

[signed] Miss Alice Sosik
living at 159 Dodge Street,
Providence, R. I."

The bill further alleges that respondent Conlon foreclosed
such mortgage and conveyed the real estate to himself by
mortgagee's deed recorded August 27, 1958. The foreclosure
sale was based on complainant's default of the monthly
payments of $60 as prescribed in the note. The bill alleges
that the mortgage and note were null and void and that the
foreclosure sale was invalid on two grounds, first, because
complainant was mentally incompetent when she executed
the mortgage and note and, secondly, because respondent
did not validly advertise the foreclosure sale. At the hear-
ing in the superior court complainant did not press the

second ground, but relied on a new ground not alleged in the bill that the note did not require any payment on the principal and therefore there was no default.

The trial justice found that complainant had failed to prove "that at the time of the entry into the mortgage in February, she was of unsound mind and [in] the condition of such a nature as to invalidate her mortgage and contract." He also found "no element of overreaching, taking advantage of the complainant." He construed the note as obligating her to pay $60 monthly on the principal and interest and he found that she had obviously breached such obligation and was therefore in default.

We have carefully examined all the evidence and we cannot say that he was clearly wrong in finding that complainant had failed to prove mental incapacity on February 28, 1958. The only evidence worthy of notice on this point was the following letter dated July 6, 1959: "On July 3, 1959, I examined Miss Alice Sosik of 159 Dodge Street, Providence, Rhode Island. This forty-eight year old white, unmarried female is suffering from a chronic mental illness and is totally incapable of managing her affairs or caring for herself. She is in need of a guardian in all that the word implies. Sincerely yours, Thomas L. Greason, M. D."

There was no probative evidence tending to relate complainant's mental condition as of July 1959 back to February 1958. Her counsel argues that the word "chronic" in Dr. Greason's letter suffices for that purpose. The trial justice was not so persuaded nor are we. In his decision he states, "I am not sufficiently familiar in the art of psychiatry or anything else to make the assumption, in the absence of expert testimony, that the condition which existed in July, 1959, at the time of her examination by Dr. Greason, necessarily existed at the time of the transaction in question in February of 1958."

We have found no evidence in the record that would justify drawing the inference which complainant urges. On

the contrary the unimpeached testimony of respondent Conlon and his witnesses tended to prove that complainant in February 1958 showed a familiarity with real estate transactions and was conversant with the obligations one assumed by entering into a mortgage. That complainant may have been peculiar in some of her mannerisms or oddities of speech and dress did not necessarily show a lack of mental competency to transact business of a kind with which she had prior experience. " 'Mere mental weakness, or inferiority of intellect, will not incapacitate a person from making a valid contract; nor is it easy to define the state of mind which will have this effect. There must be such a condition of insanity or idiocy as, from its character or intensity, disables him from understanding the nature and effect of his acts, and therefore disqualifies him from transacting business and managing his property.' " *Longley* v. *McCullough,* 68 R. I. 395, 405. We are therefore of the opinion that the trial justice did not err in denying and dismissing the bill for lack of proof of complainant's mental incapacity on February 28, 1958.

As to the complainant's other point, we are of the opinion that it is clearly without merit. While the phraseology of the note is somewhat ambiguous it seems to us that the manner in which the trial justice construed it as providing for monthly payments of $60 applicable to both interest and principal is a reasonable construction and more favorable to her than to construe it as applying only to interest as we understand her contention.

The complainant's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the superior court for further proceedings.

*George Ajootian,* for complainant.

*Haig Barsamian,* for respondent Joseph T. Conlon.