HOOBLER *v.* HOLDER.

5-3460                                      386 S. W. 2d 699

Opinion Delivered February 15, 1965.

*Gordon B. Carlton,* for appellant.

*John B. Hainen,* for appellee.

ED. F. McFADDIN, Associate Justice. This litigation arises because the parties did not have an attorney to prepare their contract for them or to advise them as to the effect of the papers prepared by a layman.

Mr. and Mrs. Holder, appellees, lived in California; they owned real property in Arkansas; Mrs. Holder's brother acted as their agent in selling the property to Mr. and Mrs. Hoobler, appellants, for $6,000.00. Five hundred dollars was paid in cash and the balance was to be paid monthly. The Hooblers signed the note which Mrs. Holder's brother had a well meaning laymen prepare, the germane portion of which note reads:

"$5,500.00 DeQueen, Arkansas, September 27, 1963

"We or either of us promise to pay to the order of Frank H. Holder and wife, Sally M. Holder, FIVE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS with interest at the rate of six (6) per cent per annum from date until paid. The above sum shall be due and payable as follows: $30.00 plus accrued interest on or before November 1, 1963 and $30.00 plus accrued interest on or before the first day of each month thereafter until both principal and interest are paid in full.

"If any installment due upon this note becomes more than thirty days past due then the whole note shall, at the option of the legal holder hereof, without notice, at once become payable."

When the Hooblers did not pay all of the interest payments each month which the Holders thought should be paid, this suit was filed by the Holders on the said note. The defense was that the Hooblers had made regular payments as they understood the note. The Chancery Court held against the Hooblers, and this appeal results.

The only question is the amount of the monthly payments of interest.

The Holders insist that on November 1, 1963, the Hooblers owed interest on $5,500.00 at 6% for one month,[1] which amounts to $27.50, plus the principal payment of $30.00, or a total of $57.50 due on November 1st.

The Hooblers claim that on November 1, 1963, they owed the $30.00 principal payment, plus 15¢ as interest on the said $30.00 for one month. In other words, the Hooblers claim each monthly payment was $30.00 with interest on the said $30.00 payment from September 27, 1963, until paid.

The Chancery Court held in favor of the Holders, and we are convinced that the Chancery Court was correct. There is no ambiguity in the language used.[2] It says that the Hooblers agree to pay to the Holders $5,500.00 with interest at 6%. Then it says: "The above sum shall be due and payable . . ." "*The sum*" is certainly the principal of $5,500.00; and how is it payable? "$30.00 [of the principal] plus accrued interest on or before November 1, 1963 . . ." The accrued interest was on the principal of $5,500.00 and not on the payment of $30.00. The Chancery Court was correct in so holding. Ark. Stat. Ann. § 68-606 (Repl. 1957) provides:

"In calculating interest where partial payments may have been made, the interest shall be calculated to the time when the first payment shall have been made, and such payment shall be applied to the payment of such interest; and if such payment exceed the interest, the balance shall be applied to diminish the principal, and

[1] For convenience in calculation the parties have treated the time from September 27, 1963, to November 1, 1963, as being one month.

[2] Learned counsel for the respective parties to this litigation have filed excellent briefs. Their searches, and also ours, have shown a dearth of cases directly in point and with a note reading exactly like the one here. For those desirous of pursuing further study, we mention the following cases and texts: *Busch* v. *Gecks*, 209 Ark. 431, 190 S. W. 2d 625; *Sosik* v. *Conlon* (R. I.), 164 A. 2d 696; *Colovas* v. *Allen* (Ky)., 45 S. W. 2d 809; *Heisel* v. *York* (N. M.), 125 P. 2d 717; *Runyan* v. *Runyan* (Ind.), 126 N. E. 35; 30 Am. Jur. p. 12 *et seq.*, "Interest" § 11 *et seq.*; 11 C. J. S. p. 260, "Bills and Notes" § 722; 47 C. J. S. p. 72, "Interest" § 66; and annotation in 10 A. L. R. 997.

the same course shall be observed in all subsequent payments; but in no case when a payment shall fall short of paying the interest due at the time of making such payment, shall the balance of such interest be added to the principal.''

As a second point, the Hooblers claim that this matter, of how much each monthly payment of principal and interest would be, was discussed with Mrs. Holder's brother, who was the agent of the Holders, before the note was signed; and that it was agreed that the amount of interest to be paid by the Hooblers each month would be interest only on the monthly payment. Thus, they in effect asked that the note be reformed to state the method of payment of interest as they claim. One seeking a reformation of a written instrument has the burden of offering evidence that is clear, cogent, and convincing. *McGuigan* v. *Gaines*, 71 Ark. 614, 77 S. W. 52, and other cases cited in West's Arkansas Digest, ''Reformation of Instruments'' § 45. The Chancellor, after hearing the witnesses, found that the Hooblers had failed to offer such required quantum of evidence, saying:

''That defendants introduced oral evidence that the agreement was that defendants should pay $30.00 per month plus the accrued interest on such monthly payment only; however, the sanctity of written instruments should not be modified or changed unless the evidence is clear, cogent, and convincing, which means almost beyond a reasonable doubt, that there was a mistake, error or ambiguity made in the drafting of such instruments; that the evidence in this case is not sufficient to overthrow the clear meaning of the written instruments herein, and the Court does not find them to be ambiguous; . . .''

Some question is raised as to alleged incompetent evidence; but after considering all the admittedly competent evidence, we affirm the Chancery decree.