Julius T. WILLIAMS v. Ernest C. VARNER

5-6065                                        486 S.W. 2d 79

Opinion delivered November 6, 1972

*R. H. Mills,* for appellant.

*O. J. Taylor* and *Neale, Newman, Bradshaw & Freeman,* for appellee.

CONLEY BYRD, Justice. Appellant Julius T. Williams appeals from a judgment rendered in favor of appellee Ernest C. Varner for $24,000 plus interest in the amount of $1,560.00.

The record shows that on June 3, 1969, Varner had some $60,000 of Nineteen Corporation bonds that he had received in exchange of a 300 acre farm located in Wright County, Missouri. On that date he entered into a contract to trade the Nineteen Corporation bonds to Williams for a motel in Haxton, Colorado. After Williams determined that the bonds were of little or no value, he contacted D. L. Hopkins and caused the Nineteen Corporation to retake the bonds and to return the 300 acre farm to Varner. Following the rescission between the Nineteen Corporation and Varner, Williams and Varner on July 3, 1969, entered into another contract whereby Varner was to transfer the farm and $4,000 in cash for the motel in Colorado—(The agreement contained other provisions not here pertinent). After Varner had transferred the farm and the $4,000 cash to Williams and taken possession of the motel, he decided that Williams had misrepresented the motel. In the meantime Williams had disposed of the farm. On September 5, 1969, the parties entered into the third contract involved here in which Williams promised to pay Varner $24,000 upon the sale of the motel. Williams traded the motel to Lloyd Mitchell for some bonds issued by Digital Control Systems, Inc., a Texas Corporation, to Rio Grande Holding Company, Inc. D. L. Hopkins, involved in the Nineteen Corporation, was also president of the Rio Grande Holding Company, Inc. In Springfield, Missouri, Williams offered to deliver to Varner, Digital Control bonds having a face value of $25,000 in complete satisfaction of the $24,000 obligation. Varner refused upon the advice of his lawyer.

Williams' defense to the suit on the September 5th contract was lack of consideration and in the alternative that by a subsequent oral agreement Varner had agreed to take the bonds in satisfaction of the $24,000 debt.

POINT I. There is no merit to Williams contention that the trial court erred in overruling his motion for summary judgment. Such orders are not reviewable. See *Widmer* v. *Ft. Smith Veh. & Mach. Corp.,* 244 Ark. 971, 429 S.W. 2d 63 (1968).

POINT II. Appellant here contends that he was entitled to a directed verdict for the reason that the so-called "rescission contract" of September 5th was not supported by any consideration. This assertion is not supported by our cases. See *Afflick* v. *Lambert,* 187 Ark. 416, 60 S.W. 2d 176 (1933), where we said:

> "...This court has repeatedly held that, where there is a mutual agreement to modify a contract, the mutual promise of the parties will constitute a sufficient consideration for a valid agreement...."

POINT III. Exhibit No. 4 of which appellant complains is a "Cease and Desist" order issued by the Secretary of State of the State of Missouri directing D. L. Hopkins, M. D. McCurdy, Ellis E. Spitz and Ralph C. Julian, Sr., to cease and desist from the sale of bonds of Digital Controls Systems, Inc., so long as the bonds and the named parties have not been registered as provided by the Missouri Uniform Securities Act. The only objection to the introduction of the public document was that it was immaterial. However, since appellant before the introduction of the exhibit had asserted that he had tried to give Varner $25,000 worth of bonds, in satisfaction of the debt, we hold that the exhibit was material to show that the asserted offer in Springfield, Missouri, involved bonds that were not negotiable. The record does not show what information, Varner's lawyer learned, when he checked on the bonds at the time the offer was made, but it does show that he determined the bonds were of no value.

POINT IV. Appellant here argues that the foundation laid for the testimony of Alfred H. Beard as to appellant's general reputation in the community was insufficient.

The evidence of Beard was that he lived within 9½ miles of appellant, that he knew appellant and had talked with others who knew him and that appellant was the topic of conversation any time as many as two or three people got together. Based upon this information Beard stated that he knew appellant's general reputation for truth and veracity in the area. We hold that a sufficient foundation was laid to permit the testimony given.

Appellant also complains that the trial court erred in refusing to permit him to cross-examine Beard with reference to his interest in the outcome of the litigation. The record shows that when appellee's counsel raised an objection to the cross-examination question asked, the trial court said, "I think we have gone about far enough now." Appellant did not then object to the action of the court but only stated: "No further questions, Your Honor." In *Missouri Pacific Railroad Company* v. *McDaniel,* 252 Ark. 586, 483 S.W. 2d 569, we held in a similar situation that under Ark. Stat. Ann. § 27-1762 (Repl. 1962) an objection in such circumstances is necessary to a review on appeal. For lack of objection we here find the contention without merit.

POINT V. The assertion that the trial court erred in allowing interest from the date of filing of the complaint until date of judgment is without merit. See *Busch* v. *Gecks,* 209 Ark. 431, 190 S.W. 2d 625 (1945).

Affirmed.