Mr. J. Randy Young Director Arkansas Soil and Water Conservation Commission One Capitol Mall, Suite 2D Little Rock, AR 72201
Dear Mr. Young:
You requested an official attorney general's opinion concerning the extent of the Arkansas Soil and Water Conservation Commission's (ASWCC or Commission) authority in entering into contracts for financial assistance with various political subdivisions for water development projects.
An analysis of the particular statutes you cited which would provide you with any limitations of the Commission's authority requires an overview of how the courts construe the law with particular emphasis on the constitutional provisions. After the following summary of how the law is analyzed, I will answer your particular questions.
The Arkansas Constitution is restrictive in nature and leaves to the legislature the absolute power to legislate unless prohibited from so doing by our Constitution or unless the authority has been delegated to and exercised by our federal government. Black v. Cockrill, 239 Ark. 367, 369, 389 S.W.2d 881 (1965). So, unless prohibited by our Constitution or by federal law, the Legislature has exclusive control of the expenditure of public money. Munson v. Abbott 602 S.W.2d 649, 269 Ark. 441 (1980).
Generally contracts entered into by the state are governed by the ordinary law of contracts 81A C.J.S. States 155 (1977). The state may delegate the power to contract to its offices, boards or departments. 81A C.J.S. States 156 (1977). In Arkansas it is a well settled rule of the supreme court that any parties who can make a contract can rescind or modify it by mutual consent. Afflick v. Lambert, 60 S.W.2d 176, 187 Ark. 416 (1933).
Now with these preliminary rules of construction given for your benefit, I will address your specific questions.
Your first question is as follows:
 Under the Water Development Fund legislation, does the Commission have authority to forgive interest and loans or change the terms of the loans with the concurrence of the local entity? What, if any, limitations apply?
This question concerns the financial assistance the Commission makes in the form of loans and grants under Act 217 of 1969, as amended (Ark. Stat. Ann. 21-1317 et seq. (1968 Repl.)).
The grant of authority to the Commission under Ark. Stat. Ann. 27-1321(e) is a general grant that the Commission could make and execute contracts for financial assistance to political subdivisions which may consist of long-term loans. This grant of authority gave the Commission wide discretion in the types of financial assistance as evident by the fact that the appropriations funding the water development projects (Act 630 of 1985 and Act 794 of 1983) provide that the funds are for supplemental long-term loans and grants to entities of government. The only restriction that would affect the power of the Commission is Article 12 12 of the Arkansas Constitution which provides as follows:
 State not to assume liabilities of political subdivisions or private corporations — Indebtedness to state — Release. Except as herein otherwise provided, the State shall never assume or pay the debt or liability of any county, town, city, or other corporation whatever, or any part thereof, unless such debt or liability shall have been created to repel invasion, suppress insurrection or to provide for the public welfare and defense. Nor shall the indebtedness of any corporation to the State ever be released or in any manner discharged save by payment into the public treasury.
This provision prohibits the State releasing the indebtedness of any corporation to the State. This has been held to apply only to private corporations. Federal Express Corp. v. Skelton, 265 Ark. 187,78 S.W.2d 1 (1979); Bush v. Martineau, 174 Ark. 214, 22-23,295 S.W. 9 (1927); Russ v. Womack, 174 Ark. 971, 74, 298 S.W. 222
(1927).
The Commission has been given wide discretion in the method of financial assistance that they may provide and with the power to enter into these contracts, goes with it the power to alter those contracts. The Commission could therefore with the concurrence of the local entity modify their contracts to reduce the interest or principal owed. The only restriction is that if it is found that any of the parties the Commission has contracted with are private corporations then that indebtedness could not be released based upon Article 12, 12 of the State Constitution.
Your second question, which has many subparts, concerns the Commission's authority to forgive interest and loans or change the terms of loans under the Water, Sewer and Solid Waste legislation (Act 274 of 1975 as amended, Ark. Stat. Ann. 13-3301 et seq.).
The authority given originally to the Department of Local Services and subsequently transferred to the ASWCC by Act 755 of 1981 was to make loans and/or grants to provide local matching funds for water, sewer, and solid waste projects Ark. Stat. Ann. 13-2203 (1979 Repl.). The statute specifically gives the discretion to the ASWCC to make loans or grants or a combination of both to eligible applicants. A major limitation on this authority is that the Commission cannot give a loan for more than 50% of the total cost of the project and cannot pay for more than 25% of a project's costs. Id. Your general authority for changing the terms of the Water, Sewer, and Solid Waste loans that were not loaned out of the Local Government Water, Sewer and Solid Waste Management Systems Revolving Funds (Revolving Fund) as created by Ark. Stat. Ann. 13-2008 (1979 Repl.) is clearly within discretion of the Commission. The limitations of the 25% and 50% for grants or loans respectively and the constitutional limitation mentioned in answer to question one of releasing indebtedness of private corporations does apply. The loans from the revolving fund have other limitations though. All of the other questions you asked pertain to whether these limitations are applicable to any and all funds appropriated for water and sewer projects of just to the loans from the revolving fund.
The revolving fund was established by the Water, Sewer, and Solid Waste Management Systems Finance Act of 1975. Act 274 of 1975, Ark. Stat. Ann. 13-2208 (1979 Repl.) as noted above.
The revolving fund was created to provide a depository for funds which may be appropriated or otherwise secured for purposes of matching or supplementing federal grants and loans. Ark. Stat. Ann. 13-2208. The legislature has appropriated monies to be paid out of the general improvement fund and the state general services accounts but, by 3 of Act 354 of 1983 that you mentioned, have clearly shown their intent that only the obligated funds may actually be transferred by the Chief Fiscal Officers of the State to the Revolving Fund. So the answer to your question of whether all appropriated funds should be deposited in the revolving funds is no since the legislature has definitively not provided for that result.
The revolving fund is to be used to provide low interest loans to cites, towns, counties, and other eligible applicants for purposes established in the act. The legislature provided though that 25% of funds deposited in the revolving fund may be used for grants to or for suspended repayment of loans of cities, town, counties, and other eligible applicants with special needs as defined in the Act. So the discretion of the Commission is very limited as to the uses of the Revolving Funds. The 25% limitation should be applied on a cumulative basis so that 25% of all funds deposited could be used to provide specific grants or for the suspension of loan principal and interest.
The limitations in Ark. Stat. Ann. 13-2203 as mentioned above of not paying more than 25% of the total project costs or giving a loan for more than 50% of the total project cost is also applicable except for emergency loans that may be provided. See 13-2208. Also the loans cannot exceed a fifty (50) year period. Id.
Your third question is whether under the case of City of Hot Springs et al. v. Creviston, 288 Ark. 286 (1986) and Act 2 of 1986 (2nd Ex. Sess.) an election in the cities and counties be required when terms of old loans are modified?
I cannot give a definitive answer to this question without having a copy of the original note and the city or county ordinance citing the authority which they issued the note under if applicable.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General, Paul L. Cherry.