CARL W. WIDMER *v.* ROY G. WOOD ET UX

5-4248                                          420 S. W. 2d 828

Opinion delivered November 13, 1967

(Original opinion delivered September 18, 1967)

*Carl W. Widmer,* for appellant.

*Hardin, Barton, Hardin & Jesson;* By: *William Powell Thompson,* for appellees.

GEORGE ROSE SMITH, Justice. On October 19, 1961, the parties to this suit entered into a written agreement by which the appellees, Wood and his wife, agreed to sell certain lands in Oklahoma to the appellant, Widmer. For reasons not now important the agreement was never fully executed, and eventually the Woods resumed possession of the property. In 1964 Widmer, acting *pro se,* brought this action at law, asserting a number of causes

of action based upon the theory that the Woods had breached the contract and that Widmer was the equitable owner of the lands. This appeal is from a judgment striking one count in the plaintiff's amended complaint, for misjoinder, and dismissing the other count for failure to state a cause of acton.

During the pendency of the case Widmer filed several separate sets of requests for admissions of fact. The defendants answered some of the requests and filed objections to others. At a hearing upon the objections the court stated at the outset that before he could pass upon the objections it was necessary to determine whether the complaint was based upon a breach of contract or upon a tort—either deceit or trespass or both. Widmer stated that his cause of action was for treble damages under Ark. Stat. Ann. § 50-105 (Supp. 1965). The court accordingly struck the other counts in the complaint.

Widmer next filed an amendment to his complaint, asserting (1) a cause of acton for treble damages for the destruction of trees and crops on the lands and (2) a cause of action for the recovery of rents paid to the Woods by tenants. The court struck the second count for misjoinder and sustained a demurrer to the first count.

The court was right. Widmer does not deny that a misjoinder existed, but he insists that the defendants waived that defect by filing an answer to the original complaint instead of a motion to strike. Ark. Stat. Ann. §§ 27-1302 and -1303 (Repl. 1962). Perhaps Widmer might have pressed home that point in the first instance, but he failed to do so. Instead, he acquiesced in the court's ruling by confining his cause of action solely to the treble damage statute. When he later attempted a second misjoinder by amendment to his complaint the defendants promptly filed an appropriate motion to quash. There was certainly no waiver with respect to the amended complaint.

Moneywise, Widmer's principal cause of action was stated in his first count. That count asserted a right to treble damages under Section 50-105. That statute, however, cannot be applied extraterritorially to a cause of action arising in Oklahoma. Ordinarily statutes have no effect except within the state's own territorial limits. *Meekins v. Meekins,* 169 Ark. 265, 275 S. W. 337 (1925). That principle is peculiarly applicable to injuries to land, which are governed by the law of the place where the land is.

Widmer is mistaken in thinking that his contention is supported by our decision in *Reasor-Hill Corp.* v. *Harrison,* 220 Ark. 521, 249 S. W. 2d 994, 30 A.L.R. 2d 1213 (1952). That case dealt only with the matter of jurisdiction. We recognize that our courts might entertain an action for damages to land in Oklahoma, but the only contention urged by Widmer in the trial court and in this court is the extraterritorial application of the treble damage statute. We hold that contention to be without merit.

The appellant also argues that the Woods, by failing to answer, admitted certain of his requests for admissions. The statute, however, permits the filing of written objections, Ark. Stat. Ann. § 28-358, and in each instance the defendants either responded to the requests or filed objections. That the objections did not include a notice for a hearing thereon was not, in our judgment, a defect so fatal as to result in the defendants' admission of the truth of the requests.

Affirmed.