CARL W. WIDMER *v.* KENNEDY, ALBERS & PHILLIPS, INC.

5-4371                                          421 S. W. 2d 609

Opinion delivered November 20, 1967

[Rehearing denied December 18, 1967.]

*Carl W. Widmer;* pro se.

*Warner, Warner, Ragon & Smith,* for appellees.

J. FRED JONES, Justice. Appellant was sued for debt on open account in the Sebastian County Circuit Court by complaint filed on March 28, 1966, and summons was issued and served on the same date. On April 15, 1966, appellant filed a motion in abatement of the complaint to quash summons and set aside service thereof for the

reason that the summons was not issued, served, or returned according to law and is wholly insufficient as a writ of process, and therefore no action had been commenced against the appellant. This motion is designated:

"SPECIAL APPEARANCE OF DEFENDANT MOTION TO ABATE COMPLAINT; TO QUASH SUMMONS AND SET ASIDE PURPORTED SERVICE THEREOF."

Appellant appeared specially for the purpose of this motion and on May 4, 1966, the motion was overruled and appellant was given ten days to plead further.

Instead of pleading further as authorized and directed by the trial court, the appellant, on May 12, 1966, filed another motion almost identical to the one that had been overruled by the court only eight days before. This second motion is designated:

"SPECIAL APPEARANCE OF DEFENDANT MOTION TO VACATE ORDER OVERRULING DEFENDANT'S MOTION TO ABATE COMPLAINT; TO QUASH SUMMONS AND SET ASIDE PURPORTED SERVICE THEREOF."

On February 8, 1967, answers to request for admissions were filed by the appellees, but no further pleading was filed by the appellant subsequent to his motion which was overruled, and his motion to vacate the order overruling the motion.

On February 13, 1967, appellant was advised by letter from the trial judge that the motion to vacate the order overruling the motion to abate and quash, was also then being overruled.

The appellant made no effort to plead further and on March 8, 1967, default judgment was rendered against him and a nunc pro tunc order was also entered overruling the motion to vacate the order overruling the motion to abate complaint and quash summons.

On April 4, 1967, appellant filed a motion to vacate the default judgment for the reason that "no factual or statutory basis exists to support same and no default exists," and to "vacate the nunc pro tunc order filed March 13, 1967, for the reason that order was not handled in manner prescribed by 'Rules for the Twelfth Judicial Circuit.'"

This motion was also overruled on April 11, 1967, and on his appeal to this court the appellant designates the following points for reversal:

"1. That the trial court erred in not granting appellant's 'motion to abate complaint; to quash summons and set aside purported service thereof;' and in turn for not granting appellant's 'motion to vacate order overruling defendant's motion to abate complaint; to quash summons and set aside purported service thereof.'

"2. That the trial court erred in granting default judgment, and in turn, for not granting appellant's 'motion to vacate default judgment entered on March 8, 1967, and nunc pro tunc order filed March 13, 1967.'"

Ark. Stat. Ann. § 27-301 (Repl. 1962) provides as follows:

"A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon, and placed in the hands of the sheriff of the proper county or counties."

This provision simply means what it says. See (*Burks* v. *Sims*, 230 Ark. 170, 321 S. W. 2d 767).

Ark. Stat. Ann. § 27-1101 (Repl. 1962) is as follows:

"The pleadings are the written statements, by the parties, of the facts constituting their respective claims and defenses."

Ark. Stat. Ann. § 27-1103 (Repl. 1962) is as follows:

"The only pleadings allowed are:

First. The complaint by the plaintiff.

Second. The demurrer, or answer, by the defendant.

Third. The demurrer, or reply, by the plaintiff."

When appellant's motion was overruled and he was given ten days in which to *plead further,* he was obligated to *plead further* within the ten days or risk the consequences of judgment on the complaint.

We conclude that *"pleading further"* simply means (as defined in Ark. Stat. Ann. § 27-1101, supra), and (as allowed in Ark. Stat. Ann. § 27-1103, supra) in addition to what has already been filed, and we hold that when a "motion to abate complaint; to quash summons and set aside purported service thereof" has been overruled and additional time is given in which to *plead further,* an additional motion to vacate the order overruling the original motion and restating the original motion, is not a further plea as defined and allowed by statute and within the meaning of the phrase "plead further."

Circuit courts are designed for the serious business of settling disputes between individuals, and circuit judges are vested with considerable discretion in promulgating and enforcing court rules for the orderly conduct of the courts' business.

As we are unable to say that the trial court erred on either of the points raised by the appellant, the judgment of the trial court is affirmed.

Affirmed.