CARL W. WIDMER *v.* ROY G. WOOD ET UX

5-4346                    421 S. W. 2d 872

Opinion delivered December 4, 1967

[Rehearing denied January 15, 1968.]

[5]and [5A]. Our emphasis.

*Carl W. Widmer,* pro se.

*Hardin, Barton & Jesson,* for appellees.

CARLETON HARRIS, Chief Justice. On February 8, 1967, Carl W. Widmer, appellant herein, instituted suit against Roy G. Wood and Helen L. Wood, appellees, asserting that he had purchased certain lands from the appellees on October 19, 1961, and since that date had been the equitable owner of these lands (which were described in a contract of sale filed with the complaint). It was alleged, *inter alia,* that appellees encroached upon the lands by bringing cattle to graze thereon, by making enclosures and other structures, and by cutting and removing numerous trees. Appellant asserted that he had suffered damages in the amount of $60,150.00, and he prayed for treble damages, or a total judgment in the sum of $180,450.00. Appellees thereupon filed a motion to dismiss the complaint, asserting that appellant had previously filed a lawsuit against them, alleging and setting forth the identical matters that appeared in the present complaint; that the court had, on September 13, 1966, entered its judgment dismissing Widmer's complaint for the reason, *inter alia,* that the court was without jurisdiction to adjudicate matters of trespass regarding lands located wholly within another state. The motion contended that the court's judgment had become the law of the case and was *res judicata* to the instant complaint. No proof was ever taken on the motion. A few days later, appellant served a "request for admission of facts" (22 different requests) upon the attorney for appellees. Four days later, appellees filed a "motion to quash," setting out their objections to answering the requested admissions, asserting, *inter*

*alia,* that 'same were irrelevant and otherwise improper.[1] These requests were not answered, and on February 21, appellees' motion to dismiss the complaint was granted, the court holding that its judgment of September 13, 1966 (on a complaint filed September 2, 1964), had become the law of the case, and was *res judicata* to the current complaint; the complaint was thereupon dismissed without prejudice. Subsequently, appellant filed a motion to vacate this order of dismissal, and also moved for summary judgment against appellees on the basis that there remained no genuine issue of any material fact to be passed upon. The court denied both motions, and from the judgment so entered, appellant brings this appeal.

For reversal, it is urged that the trial court erred in not granting appellant's motion to vacate such order; further, that the trial court erred in not granting appellant's motion for summary judgment.

As to the first point, appellant is correct. While this cause of action was founded upon the same sales contract which was the basis of the action in the earlier case (complaint filed September 2, 1964),[2] and though the complaint contains many of the same allegations that appeared in the former pleading, the court erred in granting this motion to dismiss. In *Bolton* v. *Mo. Pac. Rd. Co.,* 148 Ark. 319, 229 S. W. 1025, a similar motion was filed, as follows:

" 'MOTION TO DISMISS ON GROUND OF FORMER ADJUDICATION.

" ' 'Comes the defendant and moves the court to dismiss the action of the plaintiff herein, because it was a party to a former suit filed in this court in which all

[1] Nearly all of the requests for admissions were similar to those set forth in the earlier case.

[2] The judgment of the Sebastian Circuit Court in this case, styled *Carl W. Widmer* v. *Roy G. Wood, et ux,* was affirmed by this court on September 18, 1967; however, a substitute opinion was handed down affirming the trial court on November 13, 1967.

the matters that are now set up and complained of were in issue, and the court sustained a demurrer to that complaint, which was affirmed by the Supreme Court of this State; and that there are no new matters arising, and that all of the issues and questions have been adjudicated, and the plaintiff is bound thereby.'

"This motion was sustained, and the cause dismissed, and this appeal is prosecuted to reverse that action."

In reversing, this court said:

"The plea of former adjudication is one which, to be available, should be pleaded by answer as a defense. *Adams* v. *Billingsley,* 107 Ark. 38. The answer tendering that plea should set out the facts upon which it is based, and the issue is not properly raised by a motion to dismiss which does not recite the facts upon which the plea is based."

In *Kendrick* v. *Bowden,* 211 Ark. 196, 199 S. W. 2d 740, we said:

"A further argument for reversal is that their plea of *res judicata* should have been sustained. We have copied above the exact language of this alleged plea, as set out in appellants' abstract. We think this so-called plea is wholly insufficient to raise the question of a former adjudication of the same subject matter between the same parties. This court follows the general rule, supported by the weight of authority, 'that one relying on the doctrine of *res judicata* must plead the prior adjudication.' 30 Am. Jur., p. 984, § 255. In *Bolton* v. *Mo. Pac. Rd. Co.,* 148 Ark. 319, 229 S. W. 1025, we said: 'The plea of former adjudication is one which, to be available, should be pleaded by answer as a defense. *Adams* v. *Billingsley,* 107 Ark. 38, 153 S. W. 1105. The answer tendering that plea should set out the facts upon which it is based, and the issue is not properly raised

by a motion to dismiss which does not recite the facts upon which the plea is based.'''

See also *Southern Farmers Assn., Inc.* v. *Wyatt,* 234 Ark. 649, 353 S. W. 2d 531.

We do not, however, agree with appellant that he was entitled to summary judgment. This contention is based on the fact that the requests for admissions were not answered, and appellant therefore contends that they stand admitted. It is true that no answers were filed, but the motion heretofore mentioned constituted written objections.

Because of the court's error in dismissing the complaint on the basis that the prior judgment was *res judicata,* the judgment herein is reversed, and the cause remanded for proceedings not inconsistent with this opinion.