Carl WIDMER *v.* GIBBLE OIL COMPANY

5-4423                    421 S. W. 2d 886

Opinion delivered December 18, 1967

*Carl Widmer,* pro se.

*Warner, Warner, Ragon & Smith,* for appellee.

CARLETON HARRIS, Chief Justice. Appellant, Carl Widmer, brings this appeal from the judgment entered

by the Sebastian County Circuit Court on a credit card account, after an original trial in the Fort Smith Municipal Court from which an adverse judgment was appealed. The Circuit Court tried the case on stipulated facts. It is here contended, first, that service had upon appellant was void on its face, and second, that there was accord and satisfaction. The first point is controlled by our opinion in *Widmer* v. *Price Oil Co. Inc.,* Case No. 4424, which is handed down this day.

Gibble Oil Company instituted a suit on November 23, 1966, asking judgment for $67.80, plus costs and interest, from the appellant. On November 30, 1966, Widmer sent his check to appellee in the amount of $9.01, the check being marked, "Full payment of all accounts to date." Gibble then cashed the check. This is the only factual difference between this case and *Widmer* v. *Price Oil Company,* for in that case, the check sent in a less amount (than that owed) was not cashed. This fact, however, is immaterial. As pointed out in *Price,* there must be a disputed amount involved, and a consent to accept less than that amount in settlement of the whole before there can be an accord and satisfaction. The authorities cited there are controlling here, and one cited case, *Nordlinger* v. *Libow,* 240 N. Y. S. 193, did involve the creditor's cashing a check from the debtor for a lesser amount than was due, and marked, "Full settlement of any and all claims." This holding is in accord with 6 Corbin on Contracts, Section 1277, Page 123, where it is said:

"It is not enough for the debtor merely to write on a voucher or on his check such words as 'in full payment' or 'to balance account,' where there has been no such dispute or antecedent discussion as to give reasonable notice to the creditor that the check is being tendered as full satisfaction."

In addition, we have held that a dispute or controversy about the amount of an account must be made in

good faith, *i. e.*, there must be a *bona fide* dispute. In *Massachusetts Mutual Life Insurance Company* v. *People's Loan and Investment Company*, 191 Ark. 982, this court, quoting 1 C. J. 554, said:

" 'While it is not necessary that the dispute or controversy should be well founded, it is necessary that it should be made in good faith.' "

As stated in *Price,* there is no evidence that Widmer denies that he actually owed the full amount demanded. In fact, it is stipulated that "as of November 23, 1966, the defendant Carl Widmer owed the amount of $67.80 to the Gibble Oil Company as result of credit card purchases made by said defendant from the plaintiff." Further, that "prior to November 30, 1966 [the sending of the check], no communication was exchanged between plaintiff, Gibble Oil Company, and defendant, *Carl Widmer,* in regard to the correctness or validity of said account."

Affirmed.