'CARL WIDMER *v*. OTIS S. TOLE ET AL

5-4411                                                      424 S. W. 2d 886

Opinion delivered January 29, 1968
[Rehearing denied March 25, 1968]

*Carl Widmer, pro se.*

*Franklin Wilder,* for appellees.

CONLEY BYRD, Justice. This appeal by Carl Widmer is from an order dismissing his complaint against Otis S. Tole, Burl T. Ruth and Lewis Kremers, a partnership doing business as Otis Tole Equipment Company,

for failure to comply with an order of the court to make more definite and certain. At issue is the question whether appellant had complied with the court's order.

The complaint contained two counts. The first count set forth the purchase of certain used and new farm machinery from appellees and alleged damages of $11,-270 for breach of certain expressed and implied warranties in the performance of the machinery and the failure of appellees to deliver some of the equipment at the time agreed upon. The second count alleged appellees' removal and conversion of the machinery, actual damages including the rental value, and punitive damages. The complaint was filed by appellant, acting as his own attorney, on November 2, 1965.

On November 17, 1965, appellees filed a Motion to Make More Definite and Certain. This motion, which takes up four pages in the record, detailed the information sought by appellees. It requested appellant, among other things, to state the exact date that each item of equipment broke down, the repairs that were necessary, the expense he incurred for each item repaired and the exact damage claimed for each piece of equipment repaired. One of the many items requested to be made more definite and certain was the question of how appellant arrived at the figure of $5,500 for punitive damages.

On February 2, 1966, appellant filed a Request for Admission of Facts containing fifty-three separate statements. These fifty-three statements attempted to tell of the dealings had by appellant with appellees involving the farm machinery from the date of first contact to the time appellees repossessed the machinery. In proper time appellees filed responses to the Request for Admission of Facts.

Under filing date of March 13, 1967, the court entered an order reciting that on March 8, 1967, the matter of the Motion to Make More Definite and Certain

came on for hearing and giving appellant twenty days to comply with the request for information contained in appellees' motion.

On March 24, 1967, appellant filed an additional Request for Admission of Facts containing seven separate statements about the damages he sustained. Appellees properly responded to this Request for Admission of Facts.

On March 28, 1967, appellant filed the following:

"Comes now the plaintiff in response to Court's Order, filed March 13, 1967, to make more definite and states, that plaintiff incorporates and makes a part of this Response as if set out word for word: all facts set out in the 53 statements contained in Request for Admission of Facts, dated and filed February 2, 1966; all facts now in the exclusive possession of defendants, that come into possession of the plaintiff when defendants respond to Interrogatories to Defendants, dated and filed January 25, 1967; and all facts set out in the 7 statements contained in Request for Admission of Facts, dated and filed March 24, 1967. And that all essential and pertinent questions raised by defendants are answered by the facts set out above."

Thereafter, pursuant to a motion filed by appellees on April 6, 1967, the Court on April 11, 1967, dismissed appellant's complaint because of his failure to comply with the order of March 8 to make more definite and certain.

We hold that the response of March 28, 1967, which incorporated the many statements contained in the Requests for Admission already filed, was a sufficient compliance with the order to make more definite and certain. The information was not only necessary to comply with appellees' motion, but the court's order of March 8 is subject to the construction that an answer was required to each of the various requests made in

appellees' motion. Actually, the statements of fact contained in the Requests for Admission of Facts had set forth in chronological order the dealings appellant had had with appellees and the manner in which he had arrived at his damages. He could not have made a more literal compliance with appellees' motion had he copied into his response the identical information set forth in the Requests for Admission of Facts.

Appellees contend that appellant's Motion to Vacate, filed more than fifteen days after the April 11, 1967 order dismissing the complaint but within the thirty days allowed by Act 123 of 1963, is a motion for new trial and that consequently the appeal was not filed in time. We so held in the first opinion in *Widmer* v. *Wood,* dated September 18, 1967, but upon rehearing decided the issue contrary to appellees' contention, heard *Widmer* v. *Wood,* 243 Ark. 457, upon its merits and entered a substitute opinion.

It is unfortunate for the trial court and the members of the bar representing the many litigants involved that appellant has elected to represent himself. Any lawyer or judge who has ever participated in a proceeding in which a litigant elects to represent himself is aware of the many problems that arise. This case is no exception, for appellant is in a position to make an occupation of the lawsuit whereas the people who hire counsel are burdened with the extra expense caused by appellant's liberal use of the discovery procedures. The trial court's order, the motions contained in the record, and appellees' brief all carry overtones of an abuse of the discovery privilege by appellant. While the issue has not been squarely presented here and we need not rule on the matter at this time, for the benefit of the trial court and the many litigants we point out that the discovery procedures also contain restrictions upon abuse "from annoyance, embarrassments, or oppression." See Ann. 70 A.L.R. 2d 685.

Reversed and remanded.

Dissenting Opinion delivered March 25, 1968

CARLETON HARRIS, Chief Justice, dissenting. After giving this matter a great deal of thought, I have come to the conclusion that this court made a mistake in reversing the above styled case on the grounds set out in the opinion, and a rehearing should be granted. I cannot help but feel that we were somewhat influenced by the fact that appellant was acting as his own lawyer, and because of this fact, "bent over backward" in considering his pleadings. In no prior case that I know of (and the opinion cites none) have we held that an order to make a complaint more definite and certain has been complied with when a defendant simply makes reference to his own requests for admissions, and I gravely doubt that any lawyer would ever have contemplated this procedure as adequate.

Probably a greater mistake was made in considering appellant's "Motion to Vacate," which was not a part of the transcript sent up, but was only a purported copy of the motion that had been made, being attached to the transcript with the affidavit of the appellant. I realize that the original motion had been removed from the file in the Circuit Clerk's office on the order of the trial court, and we permitted the copy to be filed here with the record, but the proper remedy for appellant would have been an application for a writ of certiorari to bring up the missing pleading. The case could not have been reversed without considering this motion to vacate, since without it, the time for appeal had expired. Here again, I feel that we went out of our way to approve a questionable procedure because of the fact that

appellant was acting in his own behalf, was not an attorney, and could have no knowledge of the proper method to correct, or supply defects in, a record.

I am not really as concerned about this case as I am the precedent that is being set, and I am taking this occasion to say that I shall not in future cases approve this haphazard (to me) method of compliance with either an order to make more definite and certain, or to supply defects in a record.

JOHN A. FOGLEMAN, Justice, dissenting. I join in that part of the dissent on rehearing by the Chief Justice with reference to the impropriety of the method of bringing up the motion to vacate but not in the portion with reference to the amendment to the complaint.