## Carl WIDMER v. R. G. WOOD

5-4445 425 S. W. 2d 514

### Opinion delivered March 11, 1968
[Rehearing denied April 15, 1968.]

*Carl Widmer,* pro se.

*Hardin, Barton, Hardin & Jesson,* for appellee.

CARLETON HARRIS, Chief Justice. R. G. Wood, appellee herein, filed suit against Carl Widmer, appellant herein, seeking judgment for the recovery of an abstract of title. Appellant entered a special appearance for the purpose of quashing summons, and setting aside the purported service. This motion was denied on November 17, 1966, and a motion was then filed to vacate this order of the 17th. The motion to vacate was likewise denied by the trial court on December 21, 1966. There-

after appellant filed an answer and submitted requests for admission of facts to appellee. With reference to the last, Wood filed a motion to quash. On April 28, 1967, appellant filed a motion for summary judgment of dismissal, together with his own affidavit in support of the motion, and a response was filed by appellee on May 12. On that date, the trial, without jury, was held and, after hearing testimony, the court directed that the abstract of title be returned to appellee, or, if same was lost, appellee should have judgment in the amount of $400.00 as damages. From the judgment, appellant brings this appeal. For reversal, it is first asserted that the trial court erred in not granting the motion to abate the complaint; to quash summons, and set aside the purported service, and it is then contended that the court erred in not granting appellant's motion for summary judgment of dismissal.

We find no merit in the first point. Widmer's contention is based on the allegation that the summons served upon him directs that he answer within twenty days after service, whereas the statute, Ark. Stat. Ann. § 27-1135 (Repl. 1962) provides twenty-one days in which to answer or plead. Appellant has no cause to complain, for his first pleading (special appearance and motion to abate) was filed sixteen days after being served; in other words, Widmer was not deceived or misled in any way to his detriment, whatever the status of the service had upon him. As pointed out in 72 C. J. S. *Process* § 14, page 1009, an error in stating the time at which process is returnable is not fatal where a defendant was not misled to his detriment or prejudice.

As to his second point, relating to the summary judgment, Widmer relies in large measure upon the fact that he served sixteen requests for admission of facts upon appellee, which were never answered. However, appellee did file a "motion to quash," stating that same were irrelevant and otherwise improper. We held in *Widmer* v. *Wood*, 243 Ark. 617, 421 S. W. 2d 872, that

a similar motion by the appellee constituted written objections[1]. Appellant further points out that the statute provides that a notice of hearing on objections shall be given at the earliest practicable time, and that no such notice was given by appellee. In *Widmer* v. *Wood,* 243 Ark. 457 (the first Widmer-Wood case to reach this court), the same argument was presented. We held it to be without merit, stating:

"***That the objections did not include a notice for a hearing thereon was not, in our judgment, a defect so fatal as to result in the defendants' admission of the truth of the requests."

Appellant also asserts that the affidavit he filed, along with his motion for summary judgment, was sufficient within itself to supply the facts essential to justify the granting of his motion for summary judgment. We do not agree, and in fact appellant's statements on the day of trial are contrary to this assertion. Let it be borne in mind that the only matter involved in this suit is whether Wood is entitled to the abstract of title; Widmer's affidavit relates to his contention that Wood breached the contract for the sale of the land. In determining the issues that would be presented to the court, the judge asked appellant if he had any statement to make. Widmer replied:

"I've read this complaint, I've read the answer and I've read the exhibits attached to it and no where do I find anywhere a mention of an abstract or conditions upon which it was to be turned over to Mr. Widmer or returned by Mr. Widmer, or kept by Mr. Widmer. *There is nothing in here that shows and the court's got to have proof this morning as to the agreement regarding the abstract transaction.* [Emphasis supplied.] Now, of

[1]This is the third lawsuit between Widmer and Wood to reach this court, and in the second case we pointed out that nearly all of the requests for admissions were similar to those set forth in the first case. Here too, most are substantially the same.

310

course, it would depend on, if there hadn't been a default there wouldn't have been any law suit, but regardless of who's fault it is, I am unable at this time to see where that question of fault in not carrying it out has anything to do with the agreement to the abstract. That's a separate agreement, and I'm interested in hearing only what the agreement is with respect to this abstract, not going into the long winded business here to determine who's fault it is for breaching this contract.''

The court then proceeded to hear proof, and three witnesses testified, at the conclusion of which the court rendered its judgment in favor of appellee.

Affirmed.