CARL WIDMER *v.* MODERN FORD TRACTOR
SALES, A CORPORATION; AND W. A. "JAKE" DAVIS

5-4512            426 S. W. 2d 806

Opinion delivered April 22, 1968

*Carl Widmer,* pro se.

*William Powell Thompson,* for appellees.

J. FRED JONES, Justice. On January 2, 1962, the appellant, Carl Widmer, purchased from the appellees, Modern Ford Tractor Sales and its agent, W. A. "Jake" Davis, a Landmaster tiller under a conditional sales contract for a total purchase price of $1,195.14. When appellant defaulted in the final payment due on January 2, 1963, the tiller was repossessed by appellees.

On December 3, 1965, appellant filed suit in the Sebastian County Circuit Court alleging damages in the amount of $3,250.00 because of breach of warranties in the sale of the tiller and alleging that the tiller with the attachments was worth $1,250.00 when appellees wrongfully trespassed and took the equipment from appellant. Appellant prayed judgment for compensatory and punitive damages in the total amount of $7,556.25.

The issues were joined by answer and counterclaim on a welding and repair bill allegedly owed to appellees by the appellant. After the answer and counterclaim was filed, appellant, on April 12, 1966, filed a request for admission of the truth of 27 separate statements covering all of the detailed allegations in the complaint. Each of the facts stated by appellant, which he requested appellees to admit, were all separately denied, or admitted, by the appellees on April 22, 1966, and copy was mailed to Widmer on April 23. Appellant then on July 5 filed "Interrogatories to Defendant" which in effect required that the answers to the original requests for admission be made more definite and certain. Example: "Please state the facts on which you base your denial of request for admission of fact No. 5." On July 8, 1966, appellant filed additional requests for admissions. Example: "That the Landmaster Mark 650 Tiller literature from which the photo-copies of statement No. 1 were obtained, was obtained in the showroom of Modern Ford Tractor Sales located at 1320 Towson Ave. in Fort Smith, Arkansas." On July 15 appellant propounded additional interrogatories to appellees.

On July 15 appellees filed a motion to quash the interrogatories filed on July 5 and the request for admission of facts filed on July 8. On July 22 appellees filed a motion to quash the additional interrogatories filed by appellant. On July 22 appellant filed a motion to stay proceedings on appellees' motions pending appellant's full opportunity to exercise his rights under discovery procedure. By agreement of the parties, on

August 3, 1966, an order of the court was entered re-quiring that all discovery procedures be completed by September 1, 1966, and setting the case for trial on September 27, 1966. On August 29, 1966, appellees' motion to quash the interrogatories filed on July 4, was granted and the motion to quash the requests for admissions of fact filed on July 8 and the interrogatories filed on July 15, were granted in part and denied in part. Appellees filed answers to the interrogatories and requests for admission on which their motion to quash was denied.

The case was not tried on September 27, 1966, as originally set, and on March 17, 1967, appellant filed additional requests for admission. Example:

> "That the net fair market value of the crop losses suffered by plaintiff because of the delays in planting and subsequent reduction in yields of the crops, as set out in statement 6, after harvesting costs, would be $900.00 for the 60 acres of Spring Barley; $1,275.00 for the 85 acres of Spring Oats; and $1,075.00 for the 170 acres of Fall Soybeans; and that the total net fair market value after harvesting costs, of the crop losses suffered by plaintiff because of delays in planting and subsequent reduction in yields of crops resulting therefrom during the 1962 crop year would be $3,250.00."

On March 22 appellees filed motion to quash the requests for admissions alleging in their motion as follows:

> "That since the 3rd day of December, 1965, plaintiff has pursued this matter against the defendants and others in this court and in other courts of this county, and the plaintiff has from time to time since said date filed an untold number of interrogatories and requests for admission of facts which have been answered; that now the continued propounding of

same is simply for the purpose of annoyance, expense, embarrassment and oppression, all of which is contrary to the spirit and purposes of the discovery procedures of this state; that the same are irrelevant and argumentative and that the Request is otherwise improper in whole or in part, and for said reasons same should be quashed.

"It is further pointed out that all discovery procedures were closed in this matter as of September 1, 1966, by court order of August 3, 1966."

This motion was granted on March 22, and on April 21, 1967, appellant filed motion for summary judgment.

A jury was waived and on May 29, 1967, this case proceeded to trial before the court sitting as a jury, at which time the court made the following comments of record:

"Upon examination of the file, I find that the request for the admissions of fact dated April 12, 1966, were all answered and denied by the defendant on April 22, 1966. So, contrary to the assertion here, they are not deemed admitted in their entirety for failure to respond."

The court then continued, as revealed by the record, as follows:

"Now, Mr. Widmer, gentlemen, the requests for admissions of fact dated March 17th were ruled out by the Court. We said that defendant was not required to answer them, and that was done in the Court's order of March 22, 1967. Now, that is what the defendant [sic] relies upon except that he says he has a verified complaint and that what admissions of fact he has, and I don't know what he is referring to really—in the interrogatories I haven't found anything of significance—basically it seems

he's resting on his verified complaint. Here is the plaintiff representing himself and he, in effect, as I understand it, has submitted his verified complaint as an affidavit in support of his motion for summary judgment. Is that correct, Mr. Widmer?

MR. WIDMER: Yes, but, Your Honor, there are answers to two interrogatories—you know, where they set out the amount of funds they received for the sale of this tiller, that they did answer. Other words, the court order and the order to these where they state who they sold it to and the amount they received.

THE COURT: Right, and that would go to the counterclaim. That's going as a defense to the counterclaim?

MR. WIDMER: Yes, that's right.

THE COURT: But for the reasons I've said—and, Mr. Widmer, I've been, if anything, overly meticulous about this, to try to get you to understand why the Court feels that it cannot render your motion for summary judgment. I hope you understand the basis for my ruling.

MR. WIDMER: Yes, sir.

THE COURT: Now, we're talking about the motion for summary judgment on the complaint. Both counts I and II. So let me ask you now—do I understand you correctly that it's your wish to simply stand on your motion?

MR. WIDMER: That is right, your Honor.

THE COURT: Without any proof in connection with it?

MR. WIDMER: Yes, sir.''

Appellant refused to go forward with any proof at all. Appellees did offer proof in contradiction to appellant's complaint, but before doing so the record reveals the following inquiry by the attorney for the appellees and response by the court and the appellant:

"MR. THOMPSON: Do I understand that the plaintiff is not going to go forward with his case?

THE COURT: He is resting. Your answer?

MR. WIDMER: Motion for summary judgment? You mean on this other counterclaim, this counterclaim?

THE COURT: No, on the complaint.

MR. WIDMER: Yes, we are resting on our motion for summary judgment."

None of the evidence was abstracted by appellant in his brief, but on May 29, 1967, the trial court entered judgment for appellees as to appellant's complaint, and the complaint was dismissed with prejudice.

A cursory check of our reported cases over the past two years reveal that this is the fourteenth appeal by Mr. Widmer to this court from adverse judgments and decisions of the Sebastian County Circuit Court wherein Mr. Widmer attempted to act as his own attorney. *Widmer v. Wood,* 243 Ark. 32 (9-18-67); *Widmer v. J. I. Case Credit Corp.,* 243 Ark. 149, 419 S. W. 2d 617 (10-1-67); *Widmer v. Wood,* 243 Ark. 457, 420 S. W. 2d 828 (11-13-67); *Widmer v. Kennedy, Albers & Phillips,* 243 Ark. 527, 421 S. W. 2d 609 (11-20-67); *Widmer v. Wood,* 243 Ark. 617, 421 S. W. 2d 872 (12-4-67): *Widmer v. State,* 243 Ark. 952 (1-22-68); *Widmer v. Tole,* 243 Ark. 990 (1-19 & 31-68); *Widmer v. Apco Oil Co.,* 243 Ark. 773, 421 S. W. 2d 888 (12-18-67); *Widmer v. Gibble Oil Co.,* 243 Ark. 735, 421 S. W. 2d 886 (12-18-67); *Widmer*

v. *Wood,* 244 Ark. 307 (3-11-68); *Widmer* v. *Price Oil Co..* 243 Ark. 756, 421 S. W. 2d 885 (12-18-67); *Widmer* v. *J. I. Case Credit Corp.,* 239 Ark. 12, 386 S. W. 2d 702; *Widmer* v. *Ft. Smith Vehicle & Machine Corp.,* (still pending in this court). All of these cases are of a similar nature in that Mr. Widmer relied on motions and requests for admissions, and he offered no evidence, in support of his contentions, in any of them.

We take judicial notice of the expense involved in perfecting an appeal to this court, and in a number of Mr. Widmer's cases the foreseeable cost of appeal amounted to more than the amount involved in the litigation. (*Widmer* v. *Apco Oil Co.; Widmer* v. *Gibble Oil Co.; Widmer* v. *Price Oil Co., supra*). Knowledge of how to prepare and file the various instruments permissible under our civil code is, of course, an elementary necessity in the practice of law, but a thorough knowledge of the office of the instrument, and *when* and *why* it should be used, is indispensable in the proper preparation and trial of a lawsuit. A knowledge of how to proceed in the trial of a lawsuit after a motion has been granted or denied, or after requests for admissions have been complied with, refused, or ignored, is more important in resolving differences by a fair and impartial trial in a court of law than is the knowledge of how to prepare and file such motions or requests. We recognize a litigant's right to attempt his own representation in the courts of this state under our code of practice, but regardless of the amount in controversy or the merits of a litigant's cause, we know of no way to protect a litigant against the incompetency of his attorney when he insists on representing himself in a court of law.

We have held that upon a motion for summary judgment the burden is on the movant to show that no justiciable issues exist. *Widmer* v. *J. I. Case Credit Corp., supra.* We have also held that a motion to quash requests for admissions may constitute written objection thereto and that a failure to answer the re-

quests in such case does not necessarily mean that the requests stand admitted. *Widmer* v. *Wood,* 243 Ark. 617, 421 S. W. 2d 872.

All of appellant's requests for admissions filed on April 12, 1966, were admitted or denied by appellees in the case at bar. The trial court did not abuse its discretion in quashing appellant's interrogatories of July 5, 1966, and in quashing appellant's request for additional admission of facts filed on March 17, 1967.

Although appellant designated the entire record in this case and failed to abstract the evidence offered by the appellees, we have examined the transcript of the testimony of the witnesses produced by appellees and there is substantial evidence in the record to sustain the judgment of the trial court.

The judgment is affirmed.