LEONARD H. MOONEY *v.* ANTON J. SKOUMAL ET UX

5-5755                                        476 S.W. 2d 237

Opinion delivered February 21, 1972

1022

*Patterson & Patterson,* for appellant.

*Williams & Gardner,* for appellees.

GEORGE ROSE SMITH, Justice. In 1969 the appellant, a contractor, built a dwelling house for the appellees for an agreed contract price of $24,000. Within less than a year after the completion of the house the appellees brought this suit to require the appellant to correct some twenty-nine defects in the structure. The trial eventually resulted in a decree for damages rather than in one for specific performance. Both parties have appealed from a decree awarding $2,500 damages to the appellees.

For reversal the appellant first contends that there was an accord and satisfaction, in that the appellees paid in full the last installment on the contract price, at a time when the sufficiency of the appellant's performance was in dispute. *Widmer v. Gibble Oil Co.,* 243 Ark. 735, 421 S. W. 2d 886 (1967). Upon this point Mr. Skoumal denied that the payment was intended to be a final settlement of the controversy. Moreover, the most serious defect in the construction—a weakness in the foundation which caused a wall to crack badly—did not manifest itself until some time after the asserted settlement. The appellant himself recognized the existence of a one-year warranty in favor of the owners; so it is evident that the settlement did not bar the plaintiffs' cause of action.

Secondly, the appellant argues, on the basis of his own testimony, that houses frequently shift and settle without fault on the part of the builder, and consequently he should not be held responsible for that defect in this case. Here the specifications required the footings to be of designated dimensions and to be reinforced with steel. The chancellor was not required to accept the view that the serious crack which developed was not attributable to any fault on the part of the builder.

The remaining arguments on appeal and cross appeal are, on the one hand, that the award of $2,500 is too liberal and, on the other, that it is inadequate. There was competent proof on behalf of the plaintiffs that would have justified an allowance of about $3,300. That proof was disputed by the defendant. After studying the record we cannot say with confidence that the chancellor's decision is contrary to the preponderance of the evidence.

Affirmed.